887 So.2d 535 (2004)
Dianne J. BLOUNT
v.
EAST JEFFERSON GENERAL HOSPITAL and XYZ Insurance Company.
No. 04-CA-407.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 2004.
*536 Richard C. Bates, Harvey, LA, for Plaintiff/Appellant.
Thomas P. Anzelmo, Sr., Jacqueline Blankenship, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
In this slip and fall case, plaintiff appeals from a summary judgment rendered against her. For the reasons stated herein, we affirm.

Facts
Dianne Blount filed the instant petition for damages against East Jefferson General Hospital and its insurer alleging that on March 13, 1997, she slipped and fell in a slippery substance on the floor of the hospital cafeteria. On the date of the accident, Ms. Blount was accompanying a friend, Clara Parnell, to visit Ms. Parnell's mother who was a patient in the hospital. At the time of the fall, Ms. Blount and Ms. Parnell were attempting to get lunch from the cafeteria and to return to the hospital room.
The hospital answered plaintiff's petition generally denying the allegations, and further averring that the fall was caused by plaintiff's inadvertence. Defendant also affirmatively averred that it exercised reasonable care to keep the premises free from hazardous conditions and that it had no prior notice of any hazardous condition in the cafeteria on the date of plaintiff's accident.
Following discovery in this matter, defendant brought a motion for summary judgment contending that plaintiff failed to produce any factual support for her allegations of fault on the part of the hospital. Defendant attached to this motion a copy of plaintiff's deposition in which she stated that she did not recall seeing a substance on the floor at the time of her fall. Defendant also attached a copy of the deposition of plaintiff's companion, Clara Parnell, who stated that she noticed a clear substance on the floor after plaintiff's fall but did not know how long it had been there. Defendant also attached a copy of the cafeteria safety policy and several unsworn statements of hospital employees to indicate that the hospital maintained policies and procedures for observing and maintaining a safe hazard-free cafeteria.
Plaintiff filed an opposition to the motion for summary judgment contending that *537 Ms. Parnell's deposition testimony that she saw a liquid substance on the floor and that the fall occurred near the cafeteria cashier is sufficient to create an issue of material fact as to the hospital's knowledge of the condition of the floor. Further, plaintiff argues that the cleaning log and statements from hospital employees charged with cleaning the cafeteria are insufficient to meet defendant's burden in obtaining a summary judgment.
By judgment rendered October 24, 2002, the trial court granted defendant's motion for summary judgment and dismissed plaintiff's suit. Plaintiff now appeals from this judgment.

Law and Discussion
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Under the amended version of article 966, the initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The nonmoving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. Id.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Haley v. Roberts, 02-30 (La.App. 5 Cir. 5/29/02), 820 So.2d 1114, 1116. Whether a particular fact in dispute is material can only be determined in light of the substantive law applicable to the case. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir.6/20/97), 696 So.2d 1031, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29.
Plaintiff asserts a claim under theories of both negligence and strict liability. Under the negligence standard, a hospital owes a duty to its visitors to exercise reasonable care to keep the premises in a safe condition commensurate with the particular circumstances involved; but the duty owed is less than that owed by a merchant. Reynolds v. St. Francis Medical Center, 597 So.2d 1121 (La.App. 2d Cir.1992). Morrison v. Baton Rouge General Medical Center, 93-1055 (La.App. 1st Cir.4/8/94), 635 So.2d 768, writ denied, 94-1192 (La.7/1/94), 639 So.2d 1165. Under a negligence theory, plaintiff must also prove that the owner or custodian knew or should have known of the unreasonable risk of harm posed by the property. Waters v. McDaniel Recreation Center, Inc., 521 So.2d 788 (La.App. 2 Cir.1988), writ denied, 524 So.2d 520 (La.1988). Under a theory of strict liability, the hospital is liable for defective things in its custody only upon a showing that it knew or, in the exercise of reasonable care, should have known of the defect which caused the damage and failed to correct it with reasonable diligence. La. C.C. art. 2317.1; La. R.S. 9:2800.
Thus, under either theory of liability, plaintiff has the burden to prove actual or constructive notice of defendant. In order to maintain a claim for damages caused by the condition of things within the care and custody of a public entity, the complainant has the burden of proving that the public body had actual or constructive *538 notice of the hazard and had a reasonable opportunity to remedy the condition, but failed to do so. La.R.S. 9:2800(B). Constructive notice is defined as "the existence of facts which infer actual knowledge." La.R.S. 9:2800(C). Constructive notice can be found if the conditions which caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury. Maldonado v. Louisiana Superdome Comm'n, 95-2490 (La.App. 4 Cir. 1/22/97), 687 So.2d 1087, writ denied, 97-0469 (La.4/18/97), 692 So.2d 448. The plaintiff bears the burden at trial of proving actual or constructive notice. Bridges v. FCS Entertainment, 00-1041 (La.App. 4 Cir. 5/23/01), 789 So.2d 691.
Defendant's motion for summary judgment in this case is based on its assertion that there is an absence of factual support for a finding that defendant had actual or constructive notice of the condition that caused plaintiff's fall, an element that is essential to plaintiff's claim. In order to defeat summary judgment in this case, plaintiff had the burden to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden at trial, specifically to prove that the hospital had actual or constructive notice of a spill on the cafeteria floor which they failed to remedy with reasonable diligence prior to plaintiff's fall.
To meet this burden, plaintiff relies on the testimony of Clara Parnell that she saw a substance on the floor near the cashier's station after plaintiff's fall. However, a review of Ms. Parnell's testimony fails to indicate that the substance had been present for a period of time during which the hospital employees should have learned of its presence with reasonable diligence. In fact, Ms. Parnell admitted that she had no information as to how long the liquid was on the floor before plaintiff's fall, and she had no information that anyone from the hospital was aware of the liquid on the floor. Further, although Ms. Parnell stated that the substance was located near the cashier's station, the witness failed to produce factual support that the cashier was in a position to see the substance on the floor prior to plaintiff's fall. In fact, Ms. Parnell stated that she was only guessing that the cashier saw plaintiff fall.[1]
To support her claim that her fall was caused by a liquid on the cafeteria floor, plaintiff also relies on her deposition testimony in which she stated that she was wet after the fall. A review of this deposition shows that plaintiff stated that she fell in the hospital cafeteria, but did not notice a substance on the floor prior to the fall or feel anything wet after the fall. Although she did say she knew she was wet because her sister told her so when she was in the emergency room, this testimony is insufficient to create an issue of fact as to whether there was a liquid substance on the cafeteria floor that caused plaintiff's fall. Further, plaintiff has failed to submit any competent evidence regarding the hospital staff's prior knowledge of the substance they allege was the cause of plaintiff's injuries.
Rather, the record contains copies of the hospital's policies and procedures for cafeteria safety which required hospital employees to monitor the dining area for *539 spills or debris on the floors. The record also contains a cafeteria log entitled "Cleanliness/Safety Check" which indicates that the hospital maintained cleaning and inspection procedures and that hospital employees inspected the area for dangerous conditions every thirty minutes on the day of plaintiff's accident.
Finally, the record contains unsworn statements from several hospital employees who worked in the cafeteria on the date of the accident. An unsworn and unverified document is insufficient and shall have no evidentiary value on a motion for summary judgment. Premier Restaurants, Inc. v. Kenner Plaza Shopping Center, L.L.C., 99-1310, 99-1311 (La.App. 5 Cir. 8/29/00), 767 So.2d 927, 932-33. However, in the present case, the hospital presented other competent evidence that there is an absence of factual support for the element of plaintiff's claim that the hospital had knowledge of the alleged substance on the floor. Plaintiff did not produce any countervailing evidence that the hospital staff knew or should have known of the presence of the liquid yet failed to remove it from the floor with the exercise of reasonable care. Thus, although the unsworn statements of the hospital employees may have no evidentiary value, the record before us nevertheless indicates that plaintiff failed to carry her burden to defeat summary judgment in this case.
After a review of the record in this case, including the pleadings, depositions, hospital records and employees' statements, we find no error of the trial court in granting summary judgment in favor of defendant in this case. Plaintiff failed to carry her burden of proving that she will meet her evidentiary burden at trial of showing actual or constructive knowledge of the alleged spill on the part of the hospital staff. Under these circumstances, defendant is entitled to judgment as a matter or law. Accordingly, the judgment of the trial court in favor of East Jefferson General Hospital dismissing plaintiff's claims against it is hereby affirmed at plaintiff's costs.
AFFIRMED.
NOTES
[1] This case is distinguishable from the case of Maldonado v. Louisiana Superdome Comm'n, 95-2490 (La.App. 4 Cir. 1/22/97), 687 So.2d 1087, writ denied, 97-0469 (La.4/18/97), 692 So.2d 448, where there was evidence presented that the ticket-taker in the sports facility had the opportunity to notice the spill in the entrance gate prior to plaintiff's slip and fall.