MARC E. JOHNSON, Judge.
12This appeal arises from a judgment in favor of Defendant/Appellee, Jefferson Parish Hospital Services District No. 2 d/b/a East Jefferson General Hospital (hereinafter referred to as “EJGH”), and against Plaintiff/Appellant, Brandi Andress Hoffman (hereinafter referred to as “Hoffman”), involving a slip and fall on the premises of the hospital. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On February 22, 2004, Hoffman was visiting her twins in EJGH’s neonatal intensive care unit. During her visit, Hoffman entered the 4-East Patient Break Room, also known as the nourishment room, to obtain a cup of coffee. The nourishment room is a small room that has a refrigerator, ice machine, sink, coffee machine, microwave and countertop used by nurses, nursing assistants, patients, visitors, and doctors. While there, Hoffman slipped on a wet substance on the floor near the refrigerator. Hoffman injured her left knee as a result of the fall and underwent four left knee surgeries.
IsHofftnan filed a petition for damages against EJGH and the East Jefferson General Hospital Foundation[1] alleging her accident was due to negligence, fault, and/or strict liability of the defendants. A bench trial took place on March 21, 2011. After taking the matter under advisement, the trial court rendered a ruling on May 5, 2011 in favor of EJGH and dismissed Hoffman’s claims with prejudice. In its reasons for judgment, the trial court found that EJGH exculpated itself from any presumption of negligence by exercising reasonable care through its formal procedures and personnel policies, and it did not receive the required notice of a defect. The trial court further found that no evidence was submitted showing that the spill existed for a period of time sufficient to reasonably permit its discovery to show EJGH’s constructive knowledge, and EJGH’s policies could not include Hoffman’s slip on the spill as a foreseeable risk because it may have occurred only moments before the accident by a non-hospital employee. Ultimately, the trial court concluded that *372 EJGH was not liable to Hoffman for the injuries she sustained from the fall. The instant appeal followed.
ASSIGNMENTS OF ERROR
In her assignments of error, Hoffman alleges the trial court was erroneous in finding: 1) Hoffman was required to prove EJGH had actual or constructive notice of the dangerous condition in its kitchen because that standard is inapplicable to a hospital slip and fall caused by the temporary presence of a foreign substance, and 2) EJGH acted reasonably to discover and correct the dangerous conditions reasonably anticipated in its kitchen.
LAW AND ANALYSIS

General Law

It is well-settled law that a Court of Appeal may not set aside a trial court’s |4or a jui’y’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Florreich v. Entergy Corp., 09-411 (La.App. 5 Cir. 2/23/10); 32 So.3d 965, 968, writ denied, 10-1057 (La.9/3/10); 44 So.3d 691. However, where one or more trial court legal errors interdict the fact finding process, the manifest error standard is no longer applicable, and if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence. Id. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Id. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. Id.

Assignment of Error Number 1

Hoffman alleges the trial court committed a legal error in finding that EJGH needed actual or constructive notice of the liquid substance on its kitchen floor because the Merchant Statute, LSA-R.S. 9:2800.6, does not apply to hospitals and nursing homes because that statute only applies to claims arising under LSA-C.C. art. 2317. Consequently, Hoffman avers none of the hospital or nursing home cases decided after the enactment of the Merchant Statute impose the requirement that the plaintiff prove actual or constructive notice of the foreign substance prior to the accident. Also, Hoffman alleges that the foreign substance was not a defect for the purposes of Article 2317. Hoffman further asserts the decision rendered by this Court in Blount v. East Jefferson General Hospital, 04-407 (La.App. 5 Cir. 10/12/04); 887 So.2d 535, erroneously applied LSA-R.S. 9:2800 to slip and fall cases occurring in a hospital, is contrary to the decisions in Millet v. Evangeline Health Care, 839 So.2d 357 (La.App. 5th Cir.2003) and Le-Blanc v. Alton Ochsner Medical Foundation, 563 So.2d 312 (La.App. 5th Cir.1990), and is not good authority to apply to this matter.
|fiIn opposition, EJGH argues that it is a subdivision of the State of Louisiana and is subject to the provisions of LSA-R.S. 9:2800. Additionally, EJGH avers Blount is controlling law, and Hoffman had the burden of proving it had actual or constructive notice of the dangerous condition of the break room.
LSA-R.S. 9:2800 provides, in pertinent part,
A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
[[Image here]]
C. Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 *373 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
D. Constructive notice shall mean the existence of facts which infer actual knowledge.
[[Image here]]
G. (1) “Public entity” means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions. Public entity also includes housing authorities, as defined in R.S. 40:384(15), and their commissioners and other officers and employees and sewerage and water boards and their employees, servants, agents, or subcontractors.
[Emphasis added].
In order to consider the validity of Hoffman’s assignment of error, we will now review our previous decisions concerning the legal standard for a slip and fall in a hospital setting.
In LeBlanc v. Alton Ochsner Medical Foundation, supra, the plaintiff filed suit after she slipped and fell on a piece of cucumber on the floor of the hallway 1 ijCorridor as she was walking and sustained injuries. After a trial on the merits, the trial court ruled in the plaintiffs favor by finding Alton Ochsner Medical Foundation liable for her injuries and awarding her damages. On review, this Court held that a prima facie case is established when the “plaintiff shows that a foreign substance was on the floor, that he slipped and fell on the foreign substance and that he suffered injury as a result.” This Court further stated, “[t]o prove freedom from fault the business establishment must show that it exercised reasonable care for the safety of its patrons. This showing includes evidence of the enforcement of reasonable protective measures, including periodic inspections, to keep the floors free of foreign substances and debris.” This Court affirmed the trial court’s judgment in favor of the plaintiff.
In a similar slip and fall case, Millet v. Evangeline Health Care, Inc., supra, the plaintiff sustained injuries after she slipped and fell on the wet floor of the hallway corridor as she exited her brother’s room at the nursing home. The trial court ruled in favor of the plaintiff, found the defendant nursing home liable, and awarded her damages. On appeal, this Court, in affirming the trial court’s judgment, found that the proper burden of proof in a claim for injuries caused by a condition in a hospital was set forth in Neyrey v. Touro Infirmary, 94-0078 (La.App. 4 Cir. 6/30/94); 639 So.2d 1214, and adopted the Louisiana Fourth Circuit’s rationale that “[T]he burden of proof that LSA-R.S. 9:2800.6 establishes ... should not have been used in this case where the accident occurred on a hospital’s premises, instead of a merchant’s premises.”
In Blount v. East Jefferson General Hospital, supra, the plaintiff, a visitor to EJGH, slipped and fell in a slippery substance on the floor of the hospital cafeteria as she was exiting to return to her mother’s hospital room. The plaintiff filed a petition for damages under theories of both negligence and strict liability. EJGH Iffiled a motion for summary judgment *374 contending that the plaintiff failed to produce any factual support for her allegations of fault on the part of the hospital. The trial court granted EJGH’s motion for summary judgment, and the plaintiff appealed the decision. On appeal, this Court affirmed the trial court’s ruling and held that the plaintiff had the burden to prove EJGH’s actual or constructive notice of the hazard under both of the theories of liability because it is a public entity under LSA-R.S. 9:2800.
After review, we find the arguments of Hoffman that the trial court erred in finding she had to prove EJGH had actual or constructive knowledge of the dangerous condition in the nourishment room are unpersuasive. While acknowledging the holdings set forth in LeBlanc and Millet, we find those cases are distinguishable from Blount and the instant matter because of the common defendant, a public entity. Unlike the defendants in LeBlanc and Millet, EJGH is a political subdivision. The other hospitals were privately owned facilities; as such, LSA-R.S. 9:2800 would not apply to them. However, LSA-R.S. 9:2800 does apply to EJGH pursuant to paragraphs (A) and (G)(1) of that statute. Additionally, Blount and the trial court in this matter applied LSA-R.S. 9:2800, not LSA-R.S. 9:2800.6 (a statute specifically addressing claims against merchants), as argued by Hoffman.
Accordingly, we hold that Blount is the controlling law for this matter and do not find the trial court committed a legal error in requiring Hoffman to prove EJGH’s actual or constructive notice of the liquid substance found on the nourishment room’s floor.

Assignment ofEiror Number 2

Hoffman alleges the trial court erred in finding EJGH acted reasonably to discover and correct the dangerous conditions reasonably anticipated in its kitchen. | sHoffman asserts she established that she slipped in a foreign substance. However, Hoffman avers EJGH failed to rebut the presumption of negligence in the following ways: 1) there were no scheduled cleanings or inspections of the break room on the weekends; 2) even if the weekday inspection schedule applied on weekends, the number of inspections was inadequate considering the presence of liquids and the use of the break room by the public; 3) there is no evidence that the break room was actually cleaned or inspected on the day of the accident; 4) random inspections of the break room by nurses, when time permitted, were inadequate considering the presence of liquids and the use by the public, and 5) there is no evidence the break room was, in fact, inspected by nurses or other hospital staff of the day of the accident.
EJGH argues the evidence presented at trial exculpated it from any presumption of negligence. EJGH avers that it had an adequate procedure to guard against spills and was not negligent in its actions.
In Blount, this Court set forth the following analysis of the theories of negligence and strict liability for a slip and fall case against EJGH by stating,
Under the negligence standard, a hospital owes a duty to its visitors to exercise reasonable care to keep the premises in a safe condition commensurate with the particular circumstances involved; but the duty owed is less than that owed by a merchant. In order to be successful in a negligence claim, plaintiff must also prove that the owner or custodian knew or should have known of the unreasonable risk of harm posed by the property. Under a theory of strict liability, the hospital is liable for defective things in its custody only upon a showing that it knew or, in the exercise of reasonable care, should have *375 known of the defect which caused the damage and failed to correct it with reasonable diligence. Thus, under either theory of liability, plaintiff has the burden to prove actual or constructive notice of defendant. In order to maintain a claim for damages caused by the condition of things within the care and custody of a public entity, the complainant has the burden of proving that the public body had actual or constructive notice of the hazard and had a reasonable opportunity to remedy the condition, but failed to do so. Constructive notice is defined as “the existence of facts which infer actual knowledge.” Constructive notice can be found if the conditions which caused the |ninjury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury. The plaintiff bears the burden at trial of proving actual or constructive notice. [Citations omitted].
887 So.2d at 537-38.
During the trial, it was admitted by Hoffman’s attorney that no evidence was presented that EJGH had actual notice of the liquid substance on the floor of the nourishment room.
The charge nurse on duty at the time of the accident, Holly Williams, provided live testimony. Ms. Williams stated that she was assigned to the 4-East section of the hospital on the day of Hoffman’s accident. Although she had no specific recollection of the day in question, Ms. Williams testified that she regularly looked in the nourishment room as she passed by it in order to remain aware of the surroundings of the entire unit. In addition, Ms. Williams stated that, in the event of a spill in the nourishment room, the procedure was that the nursing staff would attend to it right away. She further testified that the nursing staff would occasionally enter the nourishment room to fulfill a need of a patient and could look though the rectangular glass panel of the nourishment room’s door to see if anything was on the floor without having to enter the room.
Yvonne Labostrie, the Environment Services Sectional Supervisor, also testified at the trial. Ms. Labostrie stated that she supervises EST-ls and EST-2s, which are team members that clean areas of the hospital, e.g., patient rooms, public areas, restrooms, etc. Ms. Labostrie stated that she was on duty the day of the accident; however, she had no recollection of that day. Ms. Labostrie testified she had never seen a weekend assignment sheet, which designates the number of times a particular area is supposed to be cleaned and/or inspected, for the nourishment room. However, Ms. Labostrie testified that there is usually an assignment sheet | mcompleted for the weekdays. She further testified that the policy for the ESTs on duty was to “police” or inspect an area for cleaning, at least, twice during a shift. In the event of a spill, Ms. Labostrie stated a hospital employee was .to contact an EST or clean it him or herself, if the spill could be taken care of by that employee.
After review of the evidence presented to the trial court, we find Hoffman did not prove EJGH had actual or constructive notice of the liquid on the floor of the nourishment room. Hoffman failed to present any evidence that EJGH had actual notice of the spill. Additionally, EJGH presented sufficient evidence concerning its cleaning procedures to rebut the claim that it had constructive notice of the spill. Accordingly, we do not find the trial court manifestly erroneous in finding that EJGH was not negligent or strictly liable for Hoffman’s fall and injuries.
*376 DECREE
For the foregoing reasons, the judgment of the trial court in favor of Jefferson Parish Hospital Service District No. 2 and against Brandi Andress Hoffman is affirmed.

AFFIRMED

. East Jefferson General Hospital Foundation was later dismissed from the action.