ELLEN SHIRER KOVACH, Judge Pro Tempore.
^Plaintiffs, Mark B. Becker, Sr. and Kim Becker, appeal the granting of sum *612 mary judgment in favor of defendant, Jefferson Parish Hospital District No. 2, d/b/a East Jefferson General Hospital. For the reasons that follow, we affirm.

FACTS

On June 1, 2006, Mark B. Becker, Sr. slipped and fell on the floor at East Jefferson General Hospital where he was a patient following a motor vehicle accident. Mr. Becker and his wife, Kim Becker, thereafter filed a Petition for Damages on May 81, 2007, alleging that the hospital was liable for damages caused by its employees’ negligence in connection with the June 2006 accident. On February 11, 2008, the hospital filed an Answer generally denying the allegations and averring that the fall was caused by plaintiffs negligence. The hospital further averred that it did not have notice of any dangerous condition on the premises at the time of plaintiffs accident.
Following discovery, defendant filed a Motion for Summary Judgment on June 6, 2013, contending that plaintiff failed to show that the hospital had actual or | ..¡constructive notice of any unsafe condition on the floor and that the hospital acted unreasonably to find, discover, and correct the condition. The hospital did not dispute that plaintiff slipped and fell on a foreign substance while walking to the x-ray department. Defendant attached numerous exhibits to its motion, including plaintiffs medical records and plaintiffs answers to interrogatories.
On June 26, 2018, plaintiffs filed a Memorandum in Opposition to the Motion for Summary Judgment asserting that it is axiomatic that a party have both actual and constructive knowledge of a hazard caused by its own employees. Plaintiffs argued that based upon the uncontrovert-ed evidence, defendant, through one of its employees, “to a high degree of certainty” created the hazard which caused Mr. Becker’s fall. Plaintiffs contended that the fall occurred within the treatment area of the emergency department on the way to radiology, that hospital employees commonly used ultrasound gel or KY jelly in both of those locations, and that it would be extremely unlikely that a patient or family member would bring such substances into those areas. Plaintiffs asserted that those substances would not end up on the floor in the absence of negligence by hospital personnel, that clear slippery gel creates an obvious hazard especially since a pedestrian would not likely notice it, and that this case essentially amounted to res ipsa loquitur.
Plaintiffs attached several exhibits to its Memorandum in Opposition, including the depositions of plaintiff, Mr. Becker, and Addison Petitpan. In his deposition, plaintiff explained that he was in a motor vehicle accident, after which he went to East Jefferson General Hospital for treatment. While there, the doctor ordered x-rays. A woman came to get plaintiff, and he followed her out of the room. Plaintiff recalled that after they walked approximately twenty feet, he took a step with his right foot, which went forward, and then he fell to the ground. He |4said that he asked the woman what had happened, and she said, “Oh, there is ultrasound gel on the ground. That happens sometimes.” Plaintiff stated that the woman then said that she needed to get a towel to put over the gel and would call housekeeping to clean it up. He testified that the gel was a little bit to the left of the center of the hallway, and that he did not see the substance until after he slipped. Plaintiff explained that he did not know what he had slipped on until the woman told him. He further explained that the glob of gel was clear and approximately three inches in diameter. Plaintiff asserted that after he fell, the gel smeared and got on his right heel. The woman *613 subsequently came with a towel, wiped the bottom of his foot, and put the towel over the gel. Afterward, the woman assisted him up, and they walked into the x-ray department.
Mr. Petitpan testified in his deposition that he was responsible for overseeing the general operations of the hospital, but that on June 1, 2006, he was the supervisory nurse in the emergency department. Mr. Petitpan stated that he filled out a risk management report for the hospital in connection with the accident. He recalled that the event occurred at 7:00 p.m. when he was coming on duty. Mr. Petitpan also recalled that the x-ray technician on duty reported the incident to him; however, he was unsure of the identity of that individual and her name was not listed in the report. It was reported to him that a patient slipped and fell in the hallway leading from the emergency department to the x-ray department.
Mr. Petitpan testified that at the time of the accident, the area in question was not restricted and that visitors would have had access to that area. He stated that he went to the area where the fall occurred, assessed for anything slippery on the floor, and recorded, “surface wet, oil/food/ grease,” a choice provided by the drop down menu on the report. Mr. Petitpan recorded it in that fashion because the person who spoke to him was not certain what was on the floor. Additionally, Mr. | ¡¡Petitpan did not recall what he saw when he went to the scene of the fall. He testified that there was no cafeteria near that hallway and no source of oil or grease near that hallway. Mr. Petitpan further testified that ultrasound gel and KY jelly were used in the radiology and emergency departments. He did not recall whether the x-ray technician said it was her impression that the substance on the floor was ultrasound gel.
Additionally, Mr. Petitpan did not recall whether he spoke to the patient about this incident, but it would have been his practice to do so. However, he would have recorded the patient’s statement in his report, but the report did not contain such a statement. Mr. Petitpan explained that in 2006, if there was a slippery substance on the floor, the practice would have been to clean up the substance, and if housekeeping was needed, to call them so they could finish cleaning it up and put out a floor sign. He stated on the form that the patient denied any injury. Lastly, Mr. Petitpan asserted that no photographs were taken of the scene to his knowledge.
A hearing was held on July 3, 2013, after which the trial judge granted the Motion for Summary Judgment and dismissed plaintiffs’ lawsuit with prejudice. The trial judge found that plaintiffs had not established that the hospital had either actual or constructive notice of the substance that plaintiffs complained of as causing the fall. He also found that the instant case was very similar to Blount v. East Jefferson General Hospital, 04-407 (La.App. 5 Cir. 10/12/04), 887 So.2d 535. It is noted that on July 12, 2013, the trial judge ordered that the record of the hearing on defendant’s motion be supplemented with the exhibits submitted by both plaintiffs and defendants with their memoranda on said motion. Plaintiffs thereafter filed a timely motion for appeal.
| rJLAW AND DISCUSSION
On appeal, plaintiffs argue that the trial judge erred in granting summary judgment in favor of defendant.
Appellate courts review a district court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Hines v. Garrett, 04-806, p. 1 (La.6/25/04), 876 So.2d 764, 765. A motion for summary *614 judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.
A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. An issue is a genuine issue if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate, as there is no need for trial on that issue. Id. Whether a particular fact is material can be seen only in light of the substantive law applicable to the case. Hubbard v. Jefferson Parish Parks and Recreation, 10-24, p. 6 (La.App. 5 Cir. 5/25/10), 40 So.3d 1106, 1110, writ denied, 10-1486 (La.10/1/10), 45 So.3d 1102.
Summary judgment procedure is intended to make a just and speedy determination of every action. La. C.C.P. art. 966. It is favored and the procedure shall be construed to achieve this intention. Id. Under La. C.C.P. art. 966, the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, the |7nonmoving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Paternostro v. Wells Fargo Home Mortg., Inc., 09-469, p. 5 (La.App. 5 Cir. 12/8/09), 30 So.3d 45, 48.
Plaintiffs’ tort claim against the hospital, a public entity, may be pursued under La. C.C. art. 2317 and La. R.S. 9:2800 strict liability, as well as in negligence pursuant to La. C.C. art. 2315. When addressing an action under either theory, the legal analysis is the same. The plaintiff bears the burden of showing that: (1) the public entity had custody of the thing that caused the plaintiff’s injuries or damages; (2) the thing was defective because it had a condition that created an unreasonable risk of harm; (3) the public entity had actual or constructive knowledge of the defect and did not take corrective measures within a reasonable time; and (4) the defect in the thing was a cause-in-fact of the plaintiff’s injuries. To recover, a plaintiff bears the burden of proving all of these inquiries in the affirmative and failure on any one is fatal to the case. Graff v. Jefferson Parish Hosp. Serv. Dist. No. 2, 09-598, p. 10 (La.App. 5 Cir. 3/23/10), 39 So.3d 685, 690-91, writ denied, 10-907 (La.6/18/10), 38 So.3d 331 (citing Fontenot v. Patterson Ins., 09-669 (La.10/20/09), 23 So.3d 259).
In Blount, supra, a case similar to the instant one, the plaintiff filed a Petition for Damages alleging that she slipped and fell in a slippery substance on the floor of the East Jefferson General Hospital cafeteria. The hospital filed a Motion for Summary Judgment that was granted.. On appeal, this Court found that the plaintiff did not produce any competent evidence showing that the hospital staff knew or should have known of the presence of the liquid yet failed to remove |sit from the floor with the exercise of reasonable care. As such, this Court affirmed the judgment of the trial court.
In the instant case, it is unclear what plaintiff slipped and fell on or who placed it there. Plaintiff testified that the hospi *615 tal employee told him he slipped on ultrasound gel. However, Mr. Petitpan testified that he went to the area where the fall occurred and recorded, “surface wet, oil/ food/grease,” a choice provided by the drop down menu on the report. He explained that he recorded it in that fashion because the individual who spoke to him was not certain what was on the floor. Mr. Petitpan did not recall whether the x-ray technician said that it was her impression that the substance on the floor was ultrasound gel. He also testified that he was unsure of the identity of the individual who escorted plaintiff at the time of the fall. Lastly, Mr. Petitpan explained that the area where the slip and fall occurred was not restricted at that time to hospital employees, and that an unlimited number of visitors could have gained access to that area while visiting patients.
Nevertheless, regardless of what the substance was, there is no evidence to show that the hospital had actual knowledge of it on the floor, so the inquiry is whether the hospital had constructive knowledge of the condition. Constructive notice as it relates to actions against a public entity is defined as the existence of facts which infer actual knowledge. Constructive notice can be found if the conditions which caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury. Graff v. Jefferson Parish Hosp. Serv. Dist. No. 2, 09-598 at 11, 39 So.3d at 691. Here, there is no evidence to show that the substance was on the floor for such a period |flof time that the hospital, by the exercise of ordinary care and diligence, must have known of its existence in general and could have guarded the public from injury.
After a review of the record, we find that the trial court did not err in granting summary judgment in favor of defendant in this case. Plaintiffs failed to carry their burden of proving that they will meet their evidentiary burden at trial of showing that the hospital employees had actual or constructive knowledge of the foreign substance on the floor. Accordingly, the judgment of the trial court in favor of the hospital dismissing plaintiffs’ claims against it is hereby affirmed.

AFFIRMED.