WINDHORST, J.
Appellant, Jimmy Nee, appeals the trial court's August 26, 2015 judgments signed February 24, 2016 and June 3, 2016. For the reasons stated herein, the August 26, 2015 judgment signed February 24, 2016 is affirmed in part, reversed in part, and vacated in part. We further vacate the August 26, 2015 judgment signed June 3, 2016. This matter is remanded for further proceedings.
Facts and Procedural History
Mr. Nee and appellee, Man Ching Ho, were married in 1980 and physically separated on May 9, 1997. One child was born of the marriage in 1981. Ms. Ho filed a petition for divorce on May 27, 1997. Mr. Nee filed an answer and reconventional demand.[1] The trial court granted a judgment of divorce in favor of Ms. Ho on August 23, 1999.
*1004 On March 23, 2012, Mr. Nee filed a petition for partition of community property and the parties filed their respective sworn detailed descriptive lists.[2] Mr. Nee filed an objection to Ms. Ho's sworn detailed descriptive list regarding whether property was separate or community, the value of property, and items not listed.
After numerous continuances, the parties met with the domestic hearing officer on September 19, 2014 regarding the partition of community property and Mr. Nee's motion to set this case for trial filed August 6, 2014. At the hearing, the domestic hearing officer recommended that 1) Ms. Ho was entitled to receive reimbursement for ½ of all the mortgage payments which she made on or after May 27, 1997, on the property at 2721 David Dr., Metairie, Louisiana; 2) the property at 3008 19th Street, Metairie, Louisiana was the separate property of Ms. Ho because Mr. Nee signed a "Double Declaration" at the time of the act of sale dated January 31, 1991, declaring the same to be the separate property of Ms. Ho; and 3) the property at 3920 Belleview Street, Metairie, Louisiana was the separate property of Ms. Ho because Mr. Nee signed a "Double Declaration" at the time of the act of sale dated April 24, 1989, declaring the same to be the separate property of Ms. Ho. The parties stipulated that this matter would require an evidentiary hearing with an interpreter present and the matter was set for trial. Mr. Nee did not file an objection to the domestic hearing officer's September 19, 2014 recommendations.
On February 3, 2015, Mr. Nee filed a petition to revoke authentic act and a pleading entitled "Clauses for Inclusion in Petition for Injunction against Alienation or Encumbrance of Community Property." In the petition to revoke, Mr. Nee contended that the acts he executed on April 24, 1989 and January 31, 1991 were invalid because he did not have an interpreter present, and the alleged witnesses and notary were not present when he signed the document. In his other pleading, he sought a temporary restraining order (TRO) enjoining Ms. Ho from alienating, encumbering, donating, wasting, concealing, transferring, or destroying any community property, and a rule to show cause why a preliminary and permanent injunction should not be granted. The TRO was granted and the matter was set February 10, 2015 for a hearing on Mr. Nee's pleading entitled "Clauses for Inclusion in Petition for Injunction against Alienation or Encumbrance of Community Property."
The parties again appeared before the domestic hearing officer on February 10, 2015 regarding the partition of community property. Because the translator was not present, the parties agreed that the partition of community property be continued until March 12, 2015. The parties also agreed that Multi-Language Solutions of New Orleans be appointed translator in these proceedings, and the cost to be paid by the community.
On March 12, 2015, the parties appeared once again before the domestic hearing officer regarding the partition of community property and "injunctions."[3]
*1005 Ling Shu was present as the interpreter for Mr. Nee. The parties stipulated that the immovable property located at 2721 David Drive, Metairie, was community property, and the domestic hearing officer stated that his recommendations were "contained and expressed in red in the attached exhibit A." Mr. Nee's and Ms. Ho's sworn detailed descriptive lists were attached as Exhibit "A." On Mr. Nee's sworn detailed descriptive list, the domestic hearing officer recommended, and the parties agreed, that the following items were community property: 1) the family home located at 2721 David Drive; 2) the 1993 Ford van; and 3) the 1996 Ford van. The domestic hearing officer also recommended that "Bonnie Nee's Personal Checking Account" was "not a community asset." The domestic hearing officer further recommended that the following assets and claims required a trial on the merits: 1) bank accounts, "existing on May 27, 1997," specifically, First National Bank of Commerce account # 2022-66796, First National Bank of Commerce account # 1104-61619, First National Bank account # 3009107774, and First National Bank of Commerce accounts # 6013-31087 and # 2022-66796; 2) the retail merchandise and jewelry stored at 3008 19th Street; and 3) "all money that Man Ching Ho sent out of the United States in a 3 year period." In a handwritten note on Exhibit "A" (Ms. Ho's Sworn Detailed Descriptive List), the domestic hearing officer recommended that payment of the mortgage for the family home located at 2721 David Drive was "to be demonstrated at trial." We note that the domestic hearing officer did not make a recommendation as to whether the family business, MC Trading, or the miscellaneous household items were separate or community property, although they were also listed on Mr. Nee's Sworn Detailed Descriptive List.
On March 19, 2015, Mr. Nee filed an objection to the domestic hearing officer's recommendation of March 12, 2015,[4] relative to: "a prior stipulation of two (2) homes located at: 3920 Bellview [sic ] St., Metairie, La; and 3008 19th Street, Metairie, La. Both homes are community property, being that funds from the community regimine [sic ] purchased both houses."[5]
On March 20, 2015, Mr. Nee filed a "Motion to Refix Hearing." Mr. Nee contended that a hearing on the partition of community property and injunction was set for March 12, 2015; however, the trial court did not address his petition to revoke and his pleading entitled "Clauses for Inclusion in Petition for Injunction against Alienation or Encumbrance of Community Property." The trial court granted Mr. Nee's motion and set his petition to revoke and his pleading entitled "Clauses for Inclusion in Petition for Injunction against Alienation or Encumbrance of Community Property" for March 31, 2015. On March *1006 31, 2015, the parties did not appear and all matters were continued without date.[6]
On June 26, 2015, Ms. Ho filed a motion to dismiss Mr. Nee's objection and an opposition to his objection. Ms. Ho argued that Mr. Nee's objection, filed on March 19, 2015, was untimely.
Mr. Nee's petition to partition community property, objection to domestic hearing officer's March 12, 2015 recommendation, and Mrs. Ho's claim for reimbursement were heard by the trial court on August 26, 2015. The trial court's August 26, 2015 judgment signed February 24, 2016, denied Mr. Nee's objection and maintained the domestic hearing officer's March 12, 2015 recommendations. The judgment decreed that Ms. Ho owned 100% of the former community home located 2721 David Drive, the former community 1993 Ford van, and the former community 1996 Ford van. The trial court found and decreed that Ms. Ho owed Mr. Nee $31,634.50 for his interest in the former community home and for the two vans. The trial court further found and decreed that Mr. Nee owed Ms. Ho a total of $78,918.27 for her reimbursement claims, and therefore, Mr. Nee owed Ms. Ho an equalizing payment of $47,283.77.
Mr. Nee filed a writ of mandamus seeking this Court to order the trial court to rule on his petition to revoke authentic act and his pleading entitled, "Clauses for Inclusion in Petition for Injunction against Alienation or Encumbrance of Community Property," which he filed in the trial court on February 3, 2015. This Court granted Mr. Nee's writ of mandamus and ordered the trial court to rule upon his pleadings, if it had not already ruled. Jimmy Nee v. 24th Judicial District Court, 16-206 (La. App. 5 Cir. 05/13/16) (unpublished writ disposition). Pursuant to this Court's order, the trial court entered another judgment with written reasons on June 3, 2016, which decreed that Mr. Nee's petition to revoke authentic act and his pleading captioned, "Clauses for Inclusion in Petition for Injunction against Alienation or Encumbrance of Community Property" had been ruled upon and denied at the August 26, 2015 hearing.
Mr. Nee filed this timely "Petition for Appeal" regarding the trial court's August 26, 2015 judgments signed February 24, 2016 and June 3, 2016.
Discussion
La. R.S. 9:2801 provides for the procedure for the judicial partition of community property and settlement of claims after dissolution of the marriage. The allocation of assets and liabilities provided in La. R.S. 9:2801 A(4) is as follows:
(4) The court shall then partition the community in accordance with the following rules:
(a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
(b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
(c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the *1007 nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.
(d) In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security.
A trial court has broad discretion in adjudicating issues raised by divorce and partition of the community regime. Goines v. Goines, 09-994 (La. App. 5 Cir. 03/09/11), 62 So.3d 193, 198, writ denied, 11-721 (La. 05/20/11), 63 So.3d 984. The trial court is afforded a great deal of latitude in arriving at an equitable distribution of the assets between the spouses. Id. The trial court's allocation or assigning of assets and liabilities in the partition of community property is reviewed under the abuse of discretion standard. Id., citing Legaux-Barrow v. Barrow, 08-530 (La. App. 5 Cir. 01/27/09), 8 So.3d 87, writ not considered, 09-447 (La. 04/13/09), 5 So.3d 152.
An appellate court may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Snider v. La. Med. Mut. Ins. Co., 14-1964 (La. 05/05/15), 169 So.3d 319, 323, rehearing denied, 14-1964 (La. 06/30/15), 2015 La. LEXIS 1501; Hoffman v. Jefferson Parish Hosp. Services Dist. No. 2, 11-776 (La. App. 5 Cir. 04/10/12), 87 So.3d 370, 372.
On appeal, Mr. Nee asserts the following assignments of error: 1) the trial court erred when it denied his objection to the domestic hearing officer's March 12, 2015 recommendations and maintained the domestic hearing officer's March 12, 2015 recommendations; 2) the trial court erred when it did not consider his sworn detailed descriptive list and only accepted Ms. Ho's sworn detailed descriptive list; 3) the trial court erred when it ordered Mr. Nee to pay Ms. Ho an equalizing payment of $47,283.77; and 4) the trial court no longer maintained jurisdiction over the case, once it granted Mr. Nee's motion for appeal.
First, we note that the only judgments appealed by Mr. Nee are the judgments rendered August 26, 2015, and signed February 24, 2016 and June 3, 2016. Because this Court's jurisdiction and the focus of our review is limited to those judgments, any issues raised by Mr. Nee relating to the houses located at 3920 Belleview Street and 3008 19th Street, in Metairie, Louisiana are not properly before this Court and will not be considered in this opinion. The domestic hearing officer's September 19, 2014 recommendation that the aforementioned houses were Ms. Ho's separate property was not objected to by Mr. Nee, and it became a final appealable judgment. La. R.S. 46:236.5. No appeal was taken by Mr. Nee and therefore, that ruling is final.
In his first assignment of error, Mr. Nee contends that the trial court erred when it denied Mr. Nee's objection to the domestic hearing officer's recommendations and maintained the domestic hearing officer's recommendations of March 12, 2015. Mr. *1008 Nee argues that the trial court previously granted his motion for an interpreter, however, no interpreter was present at the March 12, 2015 hearing. Mr. Nee contends that he stipulated, without an interpreter, to "something" at the March 12, 2015 hearing that he did not understand, and therefore, the "judgment should be null and void on its face."
Any party who disagrees with a judgment or ruling of a domestic hearing officer may file a written objection to the findings of fact or law of the domestic hearing officer within the time and manner established by court rule. La. R.S. 46:236.5. The trial court shall schedule a contradictory hearing where the trial court shall accept, reject, or modify in whole or in part the findings of the domestic hearing officer. Id. If the trial court in its discretion determines that additional information is needed, it may receive evidence at the hearing or remand the proceedings to the domestic hearing officer. Id.
At the time Mr. Nee filed his objection, Title IV, Rule 24.0 A(3)(e) 7 of the District Court Rules for the 24th Judicial District Court provided:
(e) A party shall have three (3) days from the receipt of the recommendation or order of the domestic hearing officer to file a written objection to said recommendation or order. Thereafter, the recommendation of the domestic hearing officer shall become the judgment of the court. The objecting party shall file a memorandum on the law and facts with the district court judge within five (5) working days of the date the objection is filed.
Mr. Nee's objection was filed March 19, 2015, more than three days from the domestic hearing officer's recommendation on March 12, 2015. Citing Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1985) and Shelton v. La. Dept. of Corrections, 96-0348 (La. App. 1 Cir. 02/14/97), 691 So.2d 159, Mr. Nee argues that the "mailbox rule" applies to an inmate's pleadings, and pleadings are deemed filed when turned over to prison officials for filing. Since his objection was given to prison officials on March 13, 2015, Mr. Nee contends his objection was timely.
Regardless of whether Mr. Nee's objection was timely,[8] Mr. Nee did not object to any of the stipulations or recommendations made by the domestic hearing officer on March 12, 2015. Instead, Mr. Nee attempted to improperly object to the September 19, 2014 final judgment. Because an objection to the March 12, 2015 recommendations was not made, those recommendations were made the judgment of the court. La. R.S. 46:236.5. Therefore, we find the trial court did not err in denying Mr. Nee's objection to the domestic hearing officer's March 12, 2015 recommendations.
*1009 However, based on the unique circumstances of this case, we find that the portion of the August 26, 2015 judgment signed February 24, 2016, maintaining the March 12, 2015 recommendations must be affirmed in part and reversed in part.[9] On March 12, 2015, the domestic hearing officer referenced several assets and claims, as previously stated herein, that required a trial on the merits and in which the trial court did not conduct such a trial. As a result, several alleged potential community assets and claims remain outstanding and not partitioned. Accordingly, we affirm in part the August 26, 2015 judgment signed February 24, 2016, in which the trial court maintained the domestic hearing officer's March 12, 2015 recommendations finding that the family home located at 2721 David Drive, the 1993 Ford van, and the 1996 Ford van were community property, and his recommendation that "Bonnie Nee's Personal Checking Account" was "not a community asset." However, the hearing officer noted on hearing officer conference Exhibit "A" that several claims had to be proven at trial on the merits, and consequently, he did not make a finding or recommendation on them. We therefore reverse in part, and remand for a trial on the merits, the August 26 judgment signed February 24, 2016, in which the trial court maintained the domestic hearing officer's March 12, 2015 recommendations concerning the following assets and claims that required a trial on the merits: 1) bank accounts, "if existing on May 27, 1997," specifically, First National Bank of Commerce account # 2022-66796, First National Bank of Commerce account # 1104-61619, First National Bank account # 3009107774, and First National Bank of Commerce accounts # 6013-31087 and # 2022-66796, 2) the retail merchandise and jewelry stored at 3008 19th Street, and 3) "all money that Man Ching Ho sent out of the United States in a 3 year period." We likewise remand all assets and claims related to the family business, MC Trading, and the miscellaneous household items for a trial on the merits.
In his second and third assignments of error, Mr. Nee contends that the trial court abused its discretion when it only accepted Ms. Ho's sworn descriptive list and concluded that Mr. Nee owed Ms. Ho an equalizing payment of $47,283.77.
Considering our finding, as previously stated herein, that the trial court erred in maintaining in part, the domestic hearing officer's March 12, 2015 recommendations, we find the trial court abused its discretion and committed manifest error in allocating community assets and liabilities as decreed in the August 26, 2015 judgment signed February 24, 2015. We further find that as a result of the trial court's decision not to conduct a trial on the merits on the domestic hearing officer's March 12, 2015 recommendations regarding alleged community property items listed on Mr. Nee's sworn detailed descriptive list, the trial court was manifestly erroneous in determining Ms. Ho's reimbursement claim and in ordering Mr. Nee to pay an equalizing payment, potentially without all of the necessary community assets and claims. Accordingly, we also vacate in part the August 26, 2015 judgment signed February 24, 2016, partitioning the community property regime, determining Ms. Ho's reimbursement claim, and ordering Mr. Nee to pay an equalizing payment and remand for further proceedings.
Because we are reversing in part and vacating in part the August 26, 2015 *1010 judgment signed February 24, 2016, we find the trial court was manifestly erroneous in denying Mr. Nee's petition to revoke authentic act and his pleading captioned "Clauses for Inclusion in Petition for Injunction against Alienation or Encumbrance of Community Property." Furthermore, despite the August 16, 2015 judgment signed June 3, 2016, stating that those pleadings had been previously ruled upon and denied, we find the record does not support this assertion. The record is unclear as to whether those pleadings were even set for hearing on August 26, 2015.
On February 3, 2015, Mr. Nee filed his petition to revoke authentic act and his pleading captioned "Clauses for Inclusion in Petition for Injunction against Alienation or Encumbrance of Community Property." The trial court set a hearing on February 10, 2015 on his pleading captioned "Clauses for Inclusion in Petition for Injunction against Alienation or Encumbrance of Community Property." His petition to revoke authentic act did not have an order for the trial court to set for a hearing date. The February 10, 2015 minute entry shows that Mr. Nee's pleading captioned "Clauses for Inclusion in Petition for Injunction against Alienation or Encumbrance of Community Property" was continued to March 12, 2015, with notice waived by all parties. On March 12, 2015, the trial court did not rule on Mr. Nee's pleading captioned "Clauses for Inclusion in Petition for Injunction against Alienation or Encumbrance of Community Property." On March 20, 2015, Mr. Nee filed a "Motion to Refix Hearing," contending that on March 12, 2015, the trial court did not rule on his petition to revoke authentic act and his pleading captioned "Clauses for Inclusion in Petition for Injunction against Alienation or Encumbrance of Community Property," even though the pleadings were both set for that day. The trial court ordered that those pleadings be set for March 31, 2015. It does not appear from the record that notice was issued to the parties regarding resetting Mr. Nee's pleadings for March 31, 2015. Pursuant to a review of the record, no one appeared on March 31, 2015 and all matters were continued without date. Because there is no evidence that Mr. Nee's petition to revoke authentic act and his pleading entitled "Clauses for Inclusion in Petition for Injunction against Alienation or Encumbrance of Community Property" were set for the August 26, 2015 hearing, we find the trial court was manifestly erroneous in denying Mr. Nee's pleadings in the judgment signed June 3, 2016. Therefore, we vacate the August 26, 2015 judgment signed June 3, 2016, and remand to the trial court for further proceedings.
Based on our above findings and rulings, we pretermit appellant's fourth assignment of error.[10]
Conclusion :
For the reasons stated above, we affirm in part the August 26, 2015 judgment signed February 24, 2016, regarding the trial court's denial of Mr. Nee's March 12, 2015 objection and judgment maintaining the domestic hearing officer's recommendations that the family home located at 2721 David Drive, the 1993 Ford van, and the 1996 Ford van were community property, and that Bonnie Nee's personal checking account was not a community asset. We reverse in part, and remand for *1011 a trial on the merits, the August 26, 2015 judgment signed February 24, 2016, maintaining the domestic hearing officer's March 12, 2015 recommendations concerning the following assets and claims that required a trial on the merits: 1) bank accounts, "if existing on May 27, 1997," specifically, First National Bank of Commerce account # 2022-66796, First National Bank of Commerce account # 1104-61619, First National Bank account # 3009107774, and First National Bank of Commerce accounts # 6013-31087 and # 2022-66796; 2) the retail merchandise and jewelry stored at 3008 19th Street; 3) "all money that Man Ching Ho sent out of the United States in a 3 year period"; and 4) a determination as to whether the family business, MC Trading, or the miscellaneous household items were separate or community property, and their respective values, if any. We also vacate in part, the August 26, 2015 judgment signed February 24, 2016, partitioning the community property regime, determining Ms. Ho's reimbursement claim, and ordering Mr. Nee to pay an equalizing payment. We further vacate the August 26, 2015 judgment signed June 3, 2016. This matter is remanded for further proceedings consistent with this opinion.
FEBRUARY 24, 2016 JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND VACATED IN PART; JUNE 3, 2016 JUDGMENT VACATED; AND REMANDED

Mr. Nee filed an answer on June 23, 1997, and an answer and reconventional demand on July 1, 1998.

Mr. Nee filed his first sworn detailed descriptive list on May 10, 2013, and his supplemental and amending sworn detailed descriptive list with attachments on September 23, 2013. Ms. Ho filed her sworn detailed descriptive list with attachments on July 12, 2013.

The notice of hearing indicates that the partition of community property and injunction were set on March 12, 2015. However, the domestic hearing officer's March 12, 2015 recommendation does not indicate that Mr. Nee's rule for an injunction was addressed.

Mr. Nee stated he objected to the interim order of March 12, 2012, instead of 2015. We find that this was a typographical mistake on the part of Mr. Nee, who clearly meant to file an objection to the interim order by the domestic hearing officer on March 12, 2015, as stated in description of the objection and in his appellate brief.

In his objection, Mr. Nee stated that he objected to the interim order in the following particulars:
Because said properties were obtained by fraud, and was purchased with community funds. However, Mr. Jimmy Nee didn't have a [sic] interpreter present on February 10, 2015, like one was present on 3/12/15, therefore he didn't understand what he was stipulating to so such should be considered null and void.

The minute entry does not specifically mention or continue without date Mr. Nee's motion to address his pleadings. It is unclear from the record when these pleadings were reset, or if they were reset for a later date.

In Skipper v. Boothe, 08-1292 (La. 10/03/08), 991 So.2d 462, the Louisiana Supreme Court denied writs in a non-criminal proceeding without comment, but two dissenting judges noted that the reason for denial had been the untimeliness of the petitioner's filing, notwithstanding that the inmate petitioner had timely placed his application into the prison mailing system.

Pursuant to La. C.C.P. art. 2164, this Court shall render any judgment which is just, legal, and proper upon the record on appeal.

In his fourth assignment of error, appellant contends that the trial court was divested of jurisdiction after his "Petition for Appeal" was granted and therefore, any rulings or judgments granted after the motion for appeal were null and void.