CRAIN, J.
|2The issue presented by this appeal is whether buses provided exclusively for the transit needs of Louisiana State University qualify for sales tax relief applicable to a “school bus ... used exclusively in a public school system” pursuant to Louisiana Revised Statute 47:301(10)®. The Louisiana Board of Tax Appeals (Board) ruled that the buses did not qualify for the sales tax relief; however, on judicial review, the Nineteenth Judicial District Court reversed the Board and found that the buses did satisfy the statutory requirements. We affirm.
FACTS AND PROCEDURAL HISTORY
The parties stipulated to most of the relevant facts in this matter. After a pub- *336 lie bid process, First Transit, Inc. entered into an exclusive contract with LSU to provide transportation services for the university. Pursuant to that contract, First Transit operates the bus system for LSU to meet the “ever expanding transit needs of [LSU’s] approximately 40,000 (and growing) student population, faculty, staff, administration, visitors, and guests.” The buses are purple and/or white with gold markings and signs, and have “LSU” displayed on their exterior. The bus routes are established and approved by LSU, and most, if not all, of the routes originate or terminate on LSU’s campus. The predominant use of the buses is on LSU’s campus, and riders of the buses primarily include students of LSU, faculty and staff of LSU, visitors to and guests of LSU, but may include members of the general public. First Transit is compensated by LSU based upon the hours of service provided by the buses, and no fare is charged to any bus rider. In addition to the scheduled routes required by the contract, LSU has the sole authority to dictate non-scheduled uses of the buses, including charters by sponsored LSU organizations.
In a request filed with the Louisiana Office of Motor Vehicles, First Transit sought a refund of $699,048.34 for sales/ use taxes paid by First Transit for the Isbuses used to provide transportation services for LSU. The refund request relied on Louisiana Revised Statute 47:301(10)©, which provides:
The term “sale at retail” does not include the purchase of a new school bus or a used school bus which is less than five years old by an independent operator, when such bus is to be used exclusively in a public school system. This exclusion shall apply to all sales and use taxes levied by any local political subdivision.
The Office of Motor Vehicles denied the request and gave the following reason:
School buses used in higher education do not qualify for the exemption referenced in RS 47:301(10)1 The exemption is for school buses used exclusively to transport students to and from primary and secondary schools in the public school system.
First Transit filed a petition with the Board seeking further review of its refund request and named the Department of Revenue, State of Louisiana, (Department) as a defendant. The matter proceeded to a hearing, where the parties stipulated to the pertinent facts in a “Statement of Joint Stipulated Facts” filed with the Board. First Transit argued that the subject buses satisfy the requirements of Section 47:301(10)© because the phrase “school bus” should include buses that transport postsecondary students, such as LSU students, and the buses- are used pursuant to an exclusive contract with LSU, which is a public school. First Transit also asserted that Section 47:301(10)© is an “exclusion” from taxation, rather than an “exemption”; and, therefore, the provision should be interpreted in favor of the taxpayer. First Transit relied on the joint stipulation and did not call any witnesses at the hearing.
The Department called four witnesses, William Waters, the general manager of First Transit; Toni Watson, an employee of the Office of Motor Vehicles; Lynn Bonnecaze, a revenue tax specialist supervisor for the Department; and Raymond Tangney, the assistant director of the Tax Administration Division at the Department. Their testimony mostly repeated information that was already Restablished by the joint stipulation. Waters testified that the purpose of the buses is to provide transportation for LSU students, although anyone can get on a bus. No fares are charged to riders, and LSU is the only *337 entity invoiced by First Transit. He also confirmed the specific routes assigned to the buses and that the routes are intended to transport students and staff to and from LSU. According to Waters, if the contract limited passengers to LSU students, First Transit would comply with that requirement, because First Transit is operating exclusively for the benefit of LSU as directed by the contract. Watson, Bonne-caze, and Tangney essentially confirmed the Office of Motor Vehicle’s decision and stated reason for denying the request for a refund. Tangney also testified that Section 47:301(10)(i) is “comparable” to an exemption and would “operate as an exemption,” although he later acknowledged that the provision is classified as an “exclusion” for purposes of a tax exemption budget drafted annually by the Department.
After taking the matter under advisement, the Board issued a judgment in favor of the Department, finding that Section 47:301(10)® is “intended to exclude from sales taxation the yellow school buses which have [“jschool bus[”] written on the side and which are generally recognized as a traditional school bus.” In reaching that conclusion, the Board cited a definition of “school bus” appearing at Louisiana Revised Statute 32:1(62), which is contained in the title governing motor vehicles and traffic regulation and provides:
When used in this Chapter, the following words and phrases have the meaning ascribed to them in this Section, unless the context clearly indicates a different meaning ...
(62) “School bus” means every motor vehicle that complies with the color, equipment, and identification requirements set forth in this Chapter and is used to transport children to and from school or in connection with school activities, but not including buses operated by common carriers in urban transportation of school children.
The chapter’s requirements applicable to a “school bus” include the requirement that the bus be painted “glossy yellow” and have the words “SCHOOL BUS” on |Rthe front and rear of the bus in black letters. See La. R.S. 32:378A, 32:80B. The Board further found that the buses are not used exclusively in a public school system, because they are “required to carry members of the general public at their request on [First Transit’s] regular bus routes.”
Pursuant to Louisiana Revised Statute 47:1434,' First Transit appealed the Board’s decision by filing a petition for judicial review in the Nineteenth Judicial District Court on January 9, 2013.[1] Based on the record developed in the administrative proceeding and after considering the argument of counsel, the district court reversed the Board’s decision and ruled in favor of First Transit. The court found that Section 47:301(10)® is an exclusion because the statute expressly refers to itself as an “exclusion.” . Construing the provision in favor of First Transit, the district court found that the buses are used “exclusively in a public school system” because, under the contract with LSU, First Transit “can’t get any extra compensation for taking members of the public.” Turning to the question of what qualifies as a “school bus,” the court found:
[Wjhen I review the contract the use of this is to transport students for a public *338 school system. It is the exclusive use of it. While there are others who hop on it, its intended use is to transport students to and from L.S.U. and around the campus of L.S.U. I find that if I construe it in First Transit[’]s favor, as I must, I believe it does fall within a school bus contemplated under [Section 47:301(10)© ].
In accordance with those reasons, the district court signed a judgment on February 18, 2014, reversing the Board’s decision and ordering the Department to refund the requested sales taxes to First Transit. The Department appealed the judgment to this court and asserts multiple assignments of error, which are summarized as follows: (1) the district court erred in its application of the standard | fiof review; (2) the district court erred in finding that Section 47:301(10)© is an exclusion rather than an exemption; and (3) the district court erred in holding that First Transit’s buses are school buses used exclusively in a public school system.
DISCUSSION
Judicial review of a decision of the Board is rendered upon the record as made up before the Board and is limited to facts on the record and questions of law. International Paper, Inc. v. Bridges, 07-1151 (La.1/16/08), 972 So.2d 1121, 1127; Bridges v. Amedisys, Inc., 09-1971 (La.App. 1 Cir. 5/7/10), 40 So.3d 280, 282; see also La. R.S. 47:1434. The Board’s findings of fact should be accepted where there is substantial evidence in the record to support them and should not be set aside unless they are manifestly erroneous in view of the evidence in the entire record. International Paper, Inc., 972 So.2d at 1127-1128; Bridges, 40 So.3d at 282. With regard to questions of law, the judgment should be affirmed if the Board has correctly applied the law and has adhered to the correct procedural standards. St. Martin v. State, 12-0373 (La.App. 1 Cir. 12/21/12), 2012 WL 6677884, writ denied, 13-0177 (La.3/1/13), 108 So.3d 1182.
The Department argues that the district court ignored the standard of review when it “overturned]” the Board’s “factual finding” that the buses were not used exclusively in a public school system. This contention erroneously characterizes the Board’s interpretation of Section 47:301(10)© as a factual finding. The proper interpretation of a statute is a question of law that is subject to de novo review on appeal. See Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 06-0582 (La.11/29/06), 943 So.2d 1037, 1045; Tanana v. Tanama, 12-1013 (La.App. 1 Cir. 5/31/13), 140 So.3d 738, 742. The Board’s judgment, and the district court’s reversal of that judgment, turned wholly on the interpretation of the phrase “school bus ... used exclusively in a public school system” appearing in Section 47:301(10)©. The applicability of the statute to the First Transit buses did not |7require resolution of any factual issues, as illustrated by the facts mentioned in the Board’s judgment, all of which are uncontested. The Board noted that the buses “are not yellow” and “are designated as ‘LSU Tiger Trails,’ ” and that the contract with LSU required First Transit to “transport students, faculty, staff, administrative personnel, visitors and guest[s]” and “carry members of the general public at their request.” The district court expressed no disagreement with any of those findings. Rather, the district court reversed the Board’s decision because the court interpreted Section 47:301(10)® more broadly in favor of First Transit and, as a result, found the exclusion applicable. The district court owed no deference to the Board’s interpretation of Section 47:301(10)® and did not apply an incorrect *339 standard of review. This assignment of error has no merit.
The Department next contends that the district court erred in finding that Section 47:301(10)(i) is an exclusion rather than an exemption. Tax exemptions are strictly construed in favor of the Department and “must be clearly and unequivocally and affirmatively established” by the taxpayer. Exclusions, on the other hand, are construed liberally in favor of the taxpayers and against the taxing authority. Harrah’s Bossier City Investment Company, LLC v. Bridges, 09-1916 (La.5/11/10), 41 So.3d 438, 446. A tax exemption is a provision that exempts from tax a transaction that would, in the absence of the exemption, otherwise be subject to tax. Harrah’s, 41 So.3d at 446. An exclusion relates to a transaction that is not taxable because it falls outside the scope of the statute giving rise to the tax, ab initio. Transactions excluded from the tax are those which, by the language of the statutes, are defined as beyond the reach of the tax. Harrah’s, 41 So.3d at 446.
The Department’s argument that Section 47:301(10)(i) is an exemption cannot be reconciled with the language of the statute, which contains an express reference to the provision as an “exclusion.” We are not at liberty to disregard this 1 ^statement from the legislature. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature. La. Civ.Code art. 9. A statute must be applied and interpreted in a manner that is logical and consistent with the presumed fair purpose and intent of the legislature in enacting it, and the principal rule is the text of a statute is considered the best evidence of legislative intent or will. Harrah’s, 41 So.3d at 447. Based on the text of the statute, the trial court did not err in finding that Section 47:301(10)(i) is an exclusion. See Harrah’s, 41 So.3d at 447 (when reviewing certain statutes to determine if they created exemptions or exclusions from taxation, the supreme court recognized that “[h]ad the legislature specified whether [the statutes] created exemptions or exclusions, our analysis would be simple”).
The Department asserts that the district court erred in finding that the First Transit buses are “school bus[es] •... used exclusively in a public school system” as required by Section 47:301(10)(i). The Department contends that (1) the buses are not school buses, (2) the phrase “public school system” is limited to elementary and secondary schools, and (3) the buses are not “used exclusively in” a public school system. We find no merit in any of these contentions.
The term “school bus” is not defined in Section 47:301(10)(i) or in any other section of Title 47. The Department urges this court to adopt the definition of “school bus” found in Section 32:1(62) and limit the application of Section 47:301(10)® solely to the yellow school buses used to transport “children” to school. We find this definition inapplicable to Section 47:301(10)® and too restrictive under a liberal interpretation of the exclusion.
In the introductory paragraph of Section 32:1, the legislature instructed that the definitions in that statute apply “[w]hen used in this Chapter,” meaning Chapter |B1, the “Louisiana Highway Regulatory Act,” appearing at Louisiana Revised Statutes 32:1 through 32:399. Although the Department suggests that Section 32:1(62) provides a universal definition of “school bus,” the statute does not purport to define “school bus” for any purpose other than Chapter 1 of Title 32. Section *340 32:1(62) can reasonably be construed as merely identifying which school buses are subject to the Title 32 regulations requiring yellow paint and other special markings and equipment, namely any school bus that “is used to transport children to and from school or in connection with school activities.” (Emphasis added). Neither Section 32:1(62) nor Section 47:301(10)® contains any language indicating that the legislature intended for the definition of “school bus” in Section 32:1(62) to define the scope of the sales tax exclusion in Section 47:301(10)®.
Section 47:301(10)® does not incorporate by reference or otherwise identify the definition of'“school bus” in Title 32 as the applicable definition for the sales tax exclusion. In contrast, Section 47:301(7)(h), applicable to certain transactions by motor vehicle dealers and manufacturers, expressly incorporates the definitions of “dealer” and “manufacturer” set forth in Title 32 for determining the scope of that exclusion. See La. R.S. 32:1252(9) and (24). In the absence of such an express statement in the statutory language, we will not presume that the legislature intended for the term “school bus” in Section 47:301(10)® to be defined exclusively by the restrictive definition appearing at Section 32:1(62), particularly where the application of that definition, by its own terms, is limited to Title 32.
Absent an applicable statutory definition, the term “school bus” must be liberally construed in favor of First Transit and against the Department. See Hurrah's Bossier City Investment Company, LLC, 41 So.3d at 446. If the statute can reasonably be interpreted more than one way, the interpretation less onerous to the taxpayer is to be adopted. See UTEL-COM, Inc. v. Bridges, 10-0654 (La.App. 101 Cir. 9/12/11), 77 So.3d 39, 47, writ denied, 11-2632 (La.3/2/12), 83 So.3d 1046. The term “school bus” can reasonably be interpreted to include any bus that is used to transport students to and from school and school-related activities.[2] The use of a bus for those purposes, as opposed to the color of its exterior or the age of its riders, determines whether a bus qualifies as a “school bus” under Section 47:301(10)®. The Department does not dispute that the First Transit buses transport students to and from LSU. The purpose of the First Transit buses is to provide transportation for LSU students, and the predominant use of the buses is on the LSU campus. While the buses are also used by visitors and guests of LSU, as well as other members of the general public, we cannot find that such incidental uses by non-students exclude the buses from a liberal interpretation of the term “school bus.” In this context, we find that the First Transit buses are school buses for purposes of Section 47:301(10)®.
The Department also argues that the phrase “public school system” limits the exclusion to buses used in elementary and secondary public • schools. “Public school system” is not defined in the statute, but the Department again relies on the definition of “school bus” in Section 32:1(62) and its requirement that the bus transport “children” to and from school or in connection with school activities. The Department also relies on a related provision in Louisiana Revised Statute 17:161, which provides, in pertinent part, “In order to promote the public safety of children being transported by school bus, all school buses shall be painted national *341 school bus chrome.” Focusing on the use of the word “children” in those provisions, the Department contends that “public school system,” as used in the exclusion, includes only elementary and secondary public schools.
We have already rejected the assertion that Section 32:1(62) defines the scope of the exclusion in Section 47:301(10)©. We likewise reject the contention ©that Section 17:161’s reference to “children being transported by school bus” dictates that the phrase “public school system” in Section 47:301(10)© includes only elementary and secondary public schools. Section 17:161 appears in the law applicable to public schools established by parish and city school boards. See La. R.S. 17:151A. The use of the word “children” in that context is not instructive as to the proper interpretation of “public school system” in Section 47:301(10)©. In construing the phrase “public school system,” we need look no further than the numerous constitutional and statutory provisions creating the public educational system in Louisiana.
Article VIII, Section 1 of the Louisiana Constitution provides that the “legislature shall provide for the education of the people of the state and shall establish and maintain a public educational system.” To that end, the Constitution created the State Board of Elementary and Secondary Education to supervise and control the public elementary and secondary schools, and the Board of Regents to coordinate and have budgetary responsibility for all public postsecondary education. See La. Const, art. VIII, §§ 3,5. With respect to public institutions of postsecondary education, all powers of management not specifically vested in the Board of Regents by Article VIII, Section 5, are reserved to certain identified boards, including the Board of Supervisors for LSU. See La. Const, art. VIII, §§ 5(E) and 7; see also La. R.S. 17:1453, 17:3215, and 17:3218; Louisiana Public Facilities Authority v. All Taxpayers, Property Owners, Citizens of State of La. and Nonresidents Owning Property or Subject to Taxation Therein, 03-2738 (La.App. 1 Cir. 12/23/03), 868 So.2d 124, 134, writ denied, 04-0213 (La.3/11/04), 869 So.2d 801. The college, technical, community colleges, and university systems are established and maintained to serve the educational needs of the people of the state. La. R.S. 17:3220.
|12As recognized by these provisions, Louisiana’s public educational system includes postsecondary institutions, and LSU is one of those institutions. Liberally construing Section 47:301(10)© in favor of First Transit, we find the phrase “public school system” includes postsecondary public educational institutions. ■ Thus, the Department’s argument that “public school system” is confined to elementary and secondary public schools has no merit.
In its final argument, the Department asserts that the buses are not “used exclusively in” a public school system because members of the general public sometimes ride the buses. The exclusion does not require that the buses be used “exclusively by students and faculty,” only that the buses be used “exclusively in a public school system.” The parties do not dispute that the exclusive use of the First Transit buses is to meet the transit needs of LSU, as the university has the sole authority under the contract to determine the routes and uses of the buses. All invoices of First Transit for the transportation services, including all non-scheduled uses, are issued to and paid by LSU, and no fare is charged to any bus rider. While LSU does not prohibit members of the general public from riding the buses, any such use is at the discretion of LSU, and First Transit derives no direct revenue from that use. The requirement that the *342 buses be “used exclusively in” a public school system is concerned with what the buses are used for, not who uses them. By contract and practice, these buses are used exclusively to serve the transit needs of LSU. Applying a liberal interpretation in favor of First Transit, we find that buses used exclusively to service the transit needs of LSU, as directed by the university pursuant to an exclusive contract, are “used exclusively in” a public school system under Section 47:301(10)®.
CONCLUSION
We affirm the February 18, 2014 judgment that reversed the decision of the Board of Tax Appeals and ordered the Department of Revenue to refund the 113subject sales taxes to First Transit, Inc. Appeal costs in the amount of $14,983.00 are assessed to the Department of Revenue, State of Louisiana.
AFFIRMED.

. First Transit's appeal was perfected under the version of Louisiana Revised Statute 47:1434 in effect prior to 2014 La. Acts., No. 198, § 1 (effective July 1, 2014), which amended Section 47:1434 and other related statutes to provide that appeals of the Board’s decision must now initially be filed with the appellate court rather than the district court. All citations herein to Louisiana Revised Statutes 47:1434 and 47:1435 will be to the versions in effect prior to their amendment in 2014.

. See New Oxford American Dictionary (3d ed.2010) (defining "school bus” as a “bus that transports students from home to school, school to home, or to school-sponsored events”).