CRAIN, J.,
dissenting.
|! Statutory interpretation begins with the language of the statute itself. Oubre v. Louisiana Citizens Fair Plan, 11-0097 (La.12/16/11), 79 So.3d 987, 997. Tax credits, like tax exemptions, must be strictly construed in favor of the Department of Revenue and must be clearly and unequivocally and affirmatively established by the taxpayer. See First Transit, Inc. v. Barfield, 14-0596 (La.App. 1 Cir. 11/13/14), 177 So.3d 333, writ denied, 14-2587 (La.2/27/15), 159 So.3d 1072; Southlake Development Co. v. Secretary of Dept. of Revenue and Taxation for State of La., 98-2158 (La.App. 1 Cir. 11/5/99), 745 So.2d 203, 206, writ denied, 99-3405 (La.2/4/00), 754 So.2d 235.
The 2009 version of Louisiana Revised Statute 47:6035 provided a tax credit for qualified clean-burning motor vehicle fuel property installed in a new motor vehicle by the manufacturer. The statutory definition of “qualified clean-burning motor vehicle fuel property” specifically excluded “equipment necessary for operation of a motor vehicle on gasoline or diesel.” La. • R.S. 47:6035B(3). However, the majority fails to make any attempt to interpret this critical statutory language, choosing instead to focus on the Department’s previous misinterpretation of the statute. I believe that the plain language of the statute compels the conclusion that if the equipment can be used to operate the vehicle on gasoline, regardless of whether it can also be used to operate the vehicle on alternative fuel, then that equipment is not “qualified clean-burning motor vehicle fuel property,” and the tax credit does not apply.
[/The evidence presented by the Bolottes failed to show that the flex vehicle they purchased contained any equipment that was solely for use in burning alternative fuels. Having failed to show that the new vehicle they purchased was equipped with qualified clean-burning motor vehicle fuel property, the Bolottes did not clearly and unequivocally and affirmatively established their entitlement to the tax credit. I dissent from the majority’s decision affirming the Board of Tax Appeals’ decision to the contrary.