McClendon, j.
[2An ex-spouse appeals the judgment of the trial court that ordered the public sale of the parties’ former matrimonial domicile. Because the trial court failed to follow the mandatory procedure set forth by law for partitioning community property, we vacate the judgment and remand for further proceedings in accordance with law.
FACTUAL AND PROCEDURAL HISTORY
On December 6, 2005, Kenneth Tanana filed for divorce from Bettie Ramsey Tana-na in the 22nd Judicial District Court in St. Tammany Parish. A judgment of divorce was granted on September 14, 2006, in Docket No. 2005-15121, Division A. The parties entered into several agreements and consent judgments regarding child support, child custody, and partition of the community property, including a consent judgment signed by the trial court on January 16, 2007 (the Consent Judgment). Made part of the Consent Judgment was a previous agreement, dated November 20, 2005 (the 2005 Agreement), and entitled “Voluntary Settlement/Stipulation of Community Property, Liabilities, Related Marital and Support Issues with Hold Harmless Agreement.” The Consent Judgment provided that the 2005 Agreement was “made the judgment of this court and the parties are held by its terms and conditions.” In the 2005 agreement, the parties agreed, inter alia, to voluntarily partition their community property in accordance with the agreement.[1] The parties also agreed to place their former matrimonial domicile, located in Bush, Louisiana, “on the open market to be liquidated as soon as possible, and listed for a sales price agreeable to both parties.” The home remained on and off the market for five years.[2] The parties only received one offer on the house during that period, which was rejected outright by Mr. Tanana.
Also during this time, on January 1, 2009, a Family Court Division was ^established in the 22nd Judicial District Court.[3] The Tananas’ divorce proceeding *740 was then assigned to Division L of Family-Court. In June 2009, Mr. Tanana filed a Petition to Partition in the divorce proceeding, pursuant to LSA-R.S. 9:2801.
Thereafter, on July 28, 2010, Mr. Tana-na filed a second Petition for Partition, as a new proceeding, in Docket No. 2010-14826, allotted to Division I, which is the matter currently before us. Mr. Tanana asserted in said petition that he and Ms. Tanana were “unable to agree upon the terms and manner of a nonjudicial partition” of the former family home and that, pursuant to the Consent Judgment, he and Ms. Tanana were co-owners of the property in question. Subsequent to the filing of the new suit, Mr. Tanana filed an ex parte motion to dismiss the petition for partition in the family court division, which was granted on October 4, 2010. In his motion, Mr. Tanana asserted:
That the parties had previously entered into a Voluntary Community Settlement/Stipulation of Community Property, which was made executory by Consent Judgment dated January 16, 2007. This Judgment was again recognized as a partition of the assets and debts of the parties, in a Hearing Officer’s Conference held on June 15, 2010. Therefore, the R.S. 9:2801 partition filings by plaintiff, are redundant, and unnecessary.
In response to the new suit, Ms. Tanana filed several exceptions, including the peremptory exceptions raising the objections of res judicata^ no right of paction, and no cause of action.[4] Ms. Tanana argued that because the house was former community property, the sole remedy for partition was pursuant to LSA-R.S 9:2801, and Mr. Ta-nana was not entitled to a partition by licitation.[5] Following a hearing on January 18, 2011, the trial court concluded that LSA-R.S. 9:2801 did not apply, “because the parties, by their consent judgment, exempted themselves from that statute.” A judgment overruling the exceptions was *741 signed by the trial court on February 7, 2011.
A trial on the merits was held on June 22, 2011, and the matter was held open for thirty days for post-trial memoranda and to allow Ms. Tanana to submit a market analysis of the property. On October 28, 2011, the trial court issued its judgment and written reasons for judgment. In its written reasons, the court again stated that the parties were co-owners in indivi-sión of the property in question and, as such, the court could not use LSA-R.S. 9:2801A(4)(e) to order a private sale.[6] The trial court further held because the Consent Judgment provided for no time by which the property must be sold, it was unenforceable as to the family home. Therefore, because there was no valid agreement to sell the property, the trial court found that the only course available to it was to order a sheriffs sale. The trial court determined that the fair market value for the home was $750,000.00. “In order to protect the interest of both parties as much as possible,” the trial court ordered that the property be listed for public lósale at the next sheriffs auction with a minimum bid of $600,000.00, which reflected a 20% reduction in the market value of the home.
Ms. Tanana appealed the judgment, initially as a suspensive appeal. However, Ms. Tanana failed to timely post bond, and the appeal was converted to a devolutive appeal. On February 1/2012, the property was sold at the sheriffs sale, at which time Mr. Tanana bought the property for $611,000.00.
In this appeal, Ms. Tanana raises three assignments of error:
1.The trial court erred in denying Ms. Tanana’s various exceptions to these instant proceedings, as this case should have proceeded under its previous docket number, in accordance with the local court rules for the 22nd Judicial District Court, where a Consent Judgment had already been entered partitioning the property;
2. The trial court erred in proceeding without properly partitioning the property at issue and failing to proceed under LSA-R.S. 9:2801;
3. The trial court erred in ordering partition by licitation forcing the family home to be sold at sheriffs sale below market value, prejudicing Ms. Tanana as Mr. Tanana bought the home at sheriffs sale.
LAW AND DISCUSSION
It is well-settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731, 735. However, if a legal error interdicts the fact-finding process, the manifest error standard is no longer applicable. Ferrell v. Fireman’s Fund Ins. Co., 94-1252 (La.2/20/95), 650 So.2d 742, 747. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Chambers v. Village of Moreauville, 11-898 (La.1/24/12), 85 So.3d 593, 597. Legal errors are prejudicial when they materially affect the outcome and deprive a party of | ^substantial rights. When such a prejudicial error of law skews the trial court’s finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the *742 essential material facts de novo. Chambers, 85 So.3d at 597.
In her appeal, Ms. Tanana maintains that LSA-R.S. 9:2801 is the sole provision to govern a partition of community property when the spouses cannot agree on a partition of all or part of their assets. However, Mr. Tanana contends that the Consent Judgment represented a judicial partition of all community property between the parties, including the subject property, and, therefore, the provisions of LSA-R.S. 9:2801 are inapplicable in this matter. Thus, we must first determine whether LSA-R.S. 9:2801 is applicable to the facts before us.
The starting point for the interpretation of any statute is the language of the statute itself. SWAT 24 Shreveport Bossier, Inc. v. Bond, 2000-1695 (La.6/29/01), 808 So.2d 294, 302; Cat’s Meow, Inc. v. City of New Orleans, Through Dept. of Finance, 98-0601 (La.10/20/98), 720 So.2d 1186, 1198. When a statute is clear and unambiguous and its application does not lead to absurd consequences, the statute is applied as written, and no further interpretation may be made in search of legislative intent. See LSA-C.C. art. 9; LSA-R.S. 1:4. Further, because this issue involves statutory interpretation, which is a question of law, our review is de novo. See Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 06-0582 (La.11/29/06), 943 So.2d 1037, 1045.
Louisiana Revised Statutes 9:2801A provides, in pertinent part:
A. When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding,_ (Emphasis added.)
17Thus, the provisions of LSA-R.S. 9:2801 set forth the procedure by which community property is partitioned when the spouses are unable to agree on a partition of community property or on the settlement of the claims between them. LSA-R.S. 9:2801; see also Bible v. Bible, 03-2793 (La.App. 1 Cir. 9/17/04), 895 So.2d 547, 550, writ denied, 05-1081 (La.6/17/05), 904 So.2d 700. The provisions of LSA-R.S. 9:2801 are mandatory. Bible, 895 So.2d at 550.[7]
It is undisputed that the parties have been unable to agree on a settlement of the claims arising from the co-ownership of the family home. More specifically, the parties cannot agree on how to proceed following the home’s failure to sell after being on and off the market for five years.[8] In this regard, Ms. Tanana wanted to continue to try to sell the home by private sale, whereas Mr. Tanana sought a partition by licitation. Also, Mr. Tanana admitted in his petition herein that he and Ms. Tanana were unable to agree upon the terms and manner of a non-judicial parti *743 tion of the family home. Clearly, this dispute involves a disagreement between the spouses arising from the co-ownership of former community property following the termination of their matrimonial regime. Therefore, in accordance with the clear wording of the statute, we conclude that the trial court legally erred in failing to apply the provisions of LSA-R.S. 9:2801 regarding the disposition of the former home.
Because the trial court did not apply LSA-R.S. 9:2801, we find it necessary to vacate the judgment of the trial court and to remand the matter for completion of the partition proceedings in accordance with LSA-R.S. 9:2801 and |sfor transfer to the appropriate Family Court division of the 22nd Judicial District Court, in accordance with Rule 23A of the local rules.[9]
CONCLUSION
For the above and foregoing reasons, the October 28, 2011 judgment of the trial court is hereby vacated, and we remand this matter for further proceedings consistent with the views expressed herein. All costs of this appeal are assessed against Mr. Tanana.
REVERSED AND REMANDED.
HIGGINBOTHAM, J., concurs.

.Although the parties had been separate in property by virtue of a prenuptial agreement, they rescinded and cancelled all prenuptial agreements in accordance with the 2005 Agreement.

. The parties' former domicile is a large 5,964-square-foot home situated on ten acres in a rural area.

. Rule 23A of the Local Rules of Court, 22nd Judicial District Court, provides:
*740 There shall be a Family Court Docket in the 22nd Judicial District and that docket shall be allotted to Divisions K and L. Matters heard on the Family Docket shall include:
1. Annulment of marriage, divorce and separation and related proceedings and incidental matters, including those listed in La. C.C. Art. 105.
2. Property partitions and related proceedings and incidental matters that are associated with the dissolution of marriages.
3. Child-related issues including, but not limited to, issues related to the paternity of children; adoption; filiation; custody, visitation, and support in non-marital cases; name changes for minor children and emancipations.
4. Domestic violence protective orders.
5. Separation of community property regimes.
6. Enforcement of any orders issued in connection with the matters listed in sections (l)-(5) above, including proceedings for contempt of court.
7.Such other matters as may be designated by en banc order of the 22nd judicial District Court Judges.

. Ms. Tanana had also filed exceptions raising the objections of lis pendens and lack of subject matter jurisdiction on September 16, , 2010. However, she voluntarily dismissed these declinatory exceptions in November 2010, after Mr. Tanana’s original petition to partition, pending in family court, was dismissed.

. Louisiana Revised Statutes 9:2801A provides, in pertinent part:
A. When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding. ...

. The parties also stipulated at trial that they were co-owners in indivisión. Further, it is undisputed that the home was former community property.

. Additionally, LSA-C.C. art. 2369.8 provides that if spouses are unable to agree on the partition of former community property, "either spouse may demand judicial partition which shall be conducted in accordance with R.S. 9:2801.” (Emphasis added.)

. The evidence presented at trial indicated that there was a downward trend of the real estate market at the time, and the house was listed at a high price, was in a rural area, and was unfinished.

. We also note that on September 11, 2012, after this matter was appealed, Rule 27.2 of the Local Rules of Court, 22nd Judicial District, was adopted, effective October 1, 2012. Said rule provides, in pertinent part:
A. Community Property Cases
1. Commencement of Proceedings
All partition actions shall be commenced by petition, supplemental petition or reconven-tional demand and shall include a description of the claims the party seeks to have decided by the court, and shall comply in all other respects with La. R.S 9:2801. All partitions shall be filed in the same suit number of the divorce and/or separation of property action between the same parties. This does not preclude a motion to homolo-gate an extra-judicial partition.