LILJEBERG, J.
Plaintiff/Appellant, Calley Clark McLaughlin, appeals the trial court's judgment dismissing her Petition for Partition of Community Property with prejudice. For the reasons set forth more fully below, we affirm the trial court's judgment in part, reverse in part and remand to complete the community partition proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
This case involves the division of community property between a formerly married couple, Calley McLaughlin and John Williams McLaughlin. The parties married on March 15, 2008. Ms. McLaughlin filed a petition for divorce on June 7, 2010, and a judgment of divorce was granted on August 9, 2012. Ms. McLaughlin filed a Petition for Partition of Community Property on June 10, 2013. She submitted discovery to defendant requesting, in part, bank statements. When Mr. McLaughlin failed to answer, Ms. McLaughlin filed a motion to compel on April 28, 2014. On June 10, 2014, the parties entered into a consent judgment providing for Mr. McLaughlin to obtain bank statements from the start of the marriage. The parties agreed to split the costs to obtain the records.
On October 15, 2014, Ms. McLaughlin filed a motion to set deadlines to file sworn detailed descriptive lists. On October 29, 2014, she also filed a rule for contempt after Mr. McLaughlin failed to obtain the bank statements as agreed. On December 11, 2014, the parties agreed to allow him an additional 45 days to obtain the statements. However, Mr. McLaughlin never complied with the trial court's order.
On January 21, 2015, the parties entered into a consent agreement providing for each to file sworn descriptive lists within 45 days and traversals within 60 days of the filing of the last descriptive list. Ms. McLaughlin filed a sworn descriptive list of assets on March 31, 2015. Mr. McLaughlin did not file a list of assets and did not file a traversal of Ms. McLaughlin's descriptive list. Ms. McLaughlin did *1109 not seek an order to have her list deemed a judicial determination of the community assets.[1]
The parties agreed to set the community property partition for trial on April 3, 2017. At trial, Ms. McLaughlin argued the parties purchased several community assets during the marriage which must be partitioned, and further sought reimbursement for separate and community funds expended to improve Mr. McLaughlin's separate residence. The trial was brief and the parties were the only witnesses to testify. No exhibits were introduced into evidence and Mr. McLaughlin did not call any witnesses.[2]
Following trial, the court allowed the parties time to submit post-trial briefs and took the matter under advisement. On May 22, 2017, the trial court entered a judgment dismissing Ms. McLaughlin's claims against Mr. McLaughlin without prejudice. Though Mr. McLaughlin agreed during his testimony that the parties purchased community assets during the marriage, the trial court did not divide or allocate any of these assets between the parties. On June 5, 2017, Mr. McLaughlin filed a timely motion for new trial asking the trial court to dismiss the matter with prejudice, rather than without prejudice.[3] On August 14, 2017, the trial court granted the motion for new trial and set the matter on its docket for September 1, 2017. On that date, the trial court amended its prior judgment to dismiss Ms. McLaughlin's claims with prejudice. On September 1, 2017, Ms. McLaughlin filed a timely motion and order for appeal, which the trial court granted the same day.
DISCUSSION
In her first assignment of error, Ms. McLaughlin argues the trial court erred by dismissing her Petition for Partition of Community Property with prejudice instead of partitioning the community property. She argues that she filed a sworn descriptive list and introduced evidence establishing that the parties acquired community assets during their brief marriage. She also contends that she introduced evidence regarding the value of these assets which Mr. McLaughlin failed to contradict.
The provisions of La. R.S. 9:2801 set forth the procedure by which a trial court is to partition community property when the spouses are unable to agree on the division of assets and liabilities. Vedros v. Vedros , 16-735 (La. App. 5 Cir. 10/25/17), 229 So.3d 677, 680, writ denied , 17-2119 (La. 2/23/18), 237 So.3d 1185 and 18-004 (La. 2/23/18), 237 So.3d 520. The procedures to partition community property set forth in La. R.S. 9:2801 are mandatory. La. C.C. art. 2369.8 ;
*1110 Tanana v. Tanana , 12-1013 (La. App. 1 Cir. 5/31/13), 140 So.3d 738, 742.[4]
La. R.S. 9:2801(A)(1)(a) provides that within 45 days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities. Within 60 days of the date of service of the last-filed detailed descriptive list, each party shall either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party. La. R.S. 9:2801(A)(2). At a trial of the traverses, the court must determine the community assets and liabilities, and the valuation of assets is determined at the trial on the merits. Id. However, as in this case, the court may determine all issues, including those raised in the traverses, at one hearing. Id.
After determining the community assets, La. R.S. 9:2801(A)(4) requires the trial court to value and partition these assets in accordance with the following rules:
(a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
(b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
(c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.
(d) In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security.
(e) In the event that the allocation of an asset, in whole or in part, would be inequitable to a party, the court may order the parties to draw lots for the asset or may order the private sale of the asset on such terms and conditions as the court deems proper, including the minimum price, the terms of sale, the execution of realtor listing agreements, and the period of time during which the asset shall be offered for private sale.
(f) Only in the event that an asset cannot be allocated to a party, assigned by the drawing of lots, or sold at private sale, shall the court order a partition thereof by licitation. The *1111 court may fix the minimum bids and other terms and conditions upon which the property is offered at public sale. In the event of a partition by licitation, the court shall expressly state the reasons why the asset cannot be allocated, assigned by the drawing of lots, or sold at private sale.
It is incumbent upon the trial court to follow the procedures outlined in La. R.S. 9:2801. McElwee v. McElwee , 93-1010 (La. App. 1 Cir. 8/17/94), 649 So.2d 975, 977. It is incumbent upon the parties to present evidence at the partition trial regarding the value of the assets. Ponson v. Ponson , 17-469, p. 10 (La. App. 5 Cir. 3/14/18), 241 So.3d 1213, 2018 WL 1310036, 2018 La. App. LEXIS 461. The purpose of a partition under La. R.S. 9:2801 is for the trial court to make an immediate and final apportionment of the assets and liabilities. Id. ; Stewart v. Stewart , 585 So.2d 1250, 1253-54 (La. App. 4th Cir. 1991), writ denied , 590 So.2d 594 (La. 1992).
The trial court has broad discretion in adjudicating issues raised by partition of the community and is afforded great latitude in arriving at an equitable distribution of assets between spouses. Vedros, 229 So.3d at 680. The allocation or assignment of assets and liabilities in the partition of community property is reviewed under the abuse of discretion standard. Id. Factual findings and credibility determinations made in the course of valuing and allocating assets and liabilities in the partition of community property may not be set aside absent manifest error. Ponson , 17-469, 241 So.3d at ----, 2018 WL 1310036, 2018 La. App. LEXIS 461, p. 9 ; Benoit v. Benoit , 11-376 (La. App. 1 Cir. 3/8/12), 91 So.3d 1015, 1019, writ denied , 12-1265 (La. 9/28/12), 98 So.3d 838.
On appeal, Ms. McLaughlin claims the undisputed evidence established that the following items are community assets purchased during their marriage:
1. 2007 Harley Davidson Duce;
2. 2009 Harley Davidson Glide;
3. Boat motor and top;
4. Household items including a refrigerator, stove/oven, hot tub, fence, and miscellaneous "remaining household items;"
5. Motorcycle trailer; and
6. Capital One checking account and savings account.
Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property. La. C.C. art. 2340. This presumption of community is rebuttable by either spouse upon a showing by a preponderance of the evidence the separate nature of property brought into the community. Talbot v. Talbot , 03-814 (La. 12/12/03), 864 So.2d 590, 600.
By dismissing the matter with prejudice against Ms. McLaughlin, we assume the trial court determined that none of the items listed above qualified as community assets. However, after reviewing the record, we agree with Ms. McLaughlin that the undisputed evidence supports a finding that certain items qualify as community assets and the trial court was manifestly erroneous by failing to recognize and value these community assets.
2007 Harley Davidson Duce
First, with respect to the 2007 Harley Davidson Duce, the parties both testified that they purchased this motorcycle during their marriage. The undisputed evidence also established the motorcycle was stolen several years prior to the trial. Mr. McLaughlin agreed that he received insurance proceeds for the loss, but he could *1112 not recall the amount of the check. At trial, Ms. Laughlin testified that the current value assigned by the National Automobile Dealer Association ("NADA") Guide for the motorcycle was $7,915.00.[5] This amount is presumably less than the value of the motorcycle at the time Mr. McLaughlin received the insurance proceeds several years earlier. Mr. McLaughlin did not present any evidence to contradict Ms. McLaughlin's evidence regarding the value of the 2007 Harley Davidson Duce at the time of the trial.
On appeal, Mr. McLaughlin argues Ms. McLaughlin failed to present any documents or exhibits to establish the condition or value of the assets. However, Mr. McLaughlin agreed the motorcycle was purchased during the marriage and that he received the insurance proceeds after it was stolen. As a result, we find the trial court was manifestly erroneous in failing to designate the 2007 Harley Davidson Duce as a community asset. We further recognize Ms. McLaughlin's uncontroverted testimony regarding the $7,915.00 NADA value of the motorcycle. Because the asset was converted to insurance proceeds retained by Mr. McLaughlin and neither party could provide the exact amount of the proceeds, we find that Ms. McLaughlin is entitled to receive $3,957.50, which represents half of the NADA value.
2009 Harley Davidson Glide
Mr. McLaughlin also agreed that the parties purchased a 2009 Harley Davidson Glide during the marriage and did not contradict Ms. McLaughlin's testimony regarding the $11,545.00 NADA value at the time of trial. On appeal, Mr. McLaughlin complains Ms. McLaughlin did not present the title or registration for this asset, no exhibits regarding the value, and no evidence regarding the current condition of the motorcycle. However, Mr. McLaughlin admitted at trial that he was currently in possession of this motorcycle and offered no evidence regarding the current condition of the motorcycle to counter Ms. McLaughlin's testimony regarding the NADA value. Therefore, we find the trial court was manifestly erroneous in failing to recognize the 2009 Harley Davidson Glide as a community asset and also recognize the $11,545.00 NADA value supplied by Ms. McLaughlin.
Capital One Checking and Savings Accounts
Ms. McLaughlin testified that the parties maintained a Capital One checking account (ending in # 7924) and savings account (ending in # 1593) during their marriage. Mr. McLaughlin admitted the parties maintained these joint accounts during their marriage. In addition, as explained above, the trial court ordered Mr. McLaughlin to obtain copies of the statements for these accounts, but he failed to comply with the court order. At trial, Ms. McLaughlin testified that she wrote down the balance amount for each account at the time she filed the petition for divorce on *1113 June 7, 2010.[6] She testified that the balance in the checking account at that time was $4,400.00 and the balance in the savings account was $1,008.20.
Again, Mr. McLaughlin presented no evidence to counter this testimony. On appeal, Mr. McLaughlin argues that Ms. McLaughlin admitted she had access to these joint bank accounts and failed to provide documents to prove the balance in these accounts at the time she filed for divorce. We find Ms. McLaughlin's uncontested testimony regarding the balance of these accounts was sufficient to establish their value. Therefore, we find the trial court was manifestly erroneous by failing to recognize these accounts as community assets and we recognize the undisputed evidence regarding the balances in these accounts, $4,400.00 for the checking account and $1,008.20 for the savings account, at the time Ms. McLaughlin filed for divorce.
Motorcycle Trailer
Ms. McLaughlin testified that the parties purchased a trailer to transport their motorcycles during the marriage. Mr. McLaughlin denied purchasing any trailers during the marriage. We defer to the trial court's decision regarding the credibility of the witnesses and deny Ms. McLaughlin's request to reverse the trial court's decision against recognizing the trailer as a community asset.
Boat Motor and Top
Ms. McLaughlin argues the trial court erred by failing to find the boat motor and top were community assets and by failing to value them. She testified these items were purchased during the marriage and they paid $24,000.00 for the boat motor and $2,000.00 for the top. Mr. McLaughlin could not recall when they purchased these items. Neither party provided evidence regarding the value of these items at the time of trial.[7] When the parties do not submit evidence of the current value of community assets, the trial court does not err in making its valuations based upon other evidence presented by the parties. Gill v. Gill , 39,406 (La. App. 2 Cir. 3/9/05), 895 So.2d 807, 812. However, the valuation must be supported by evidence in the record. See Ellington v. Ellington , 36,943 (La. App. 2 Cir. 3/18/03), 842 So.2d 1160, 1166, writ denied , 03-1092 (La. 6/27/03), 847 So.2d 1269.
Considering Ms. McLaughlin's undisputed testimony, we find the trial court was manifestly erroneous by failing to recognize the boat motor and top as community assets. With respect to the value of these assets, Ms. McLaughlin provided information regarding the purchase price, but neither party provided information regarding their current value or any other detailed evidence regarding these items which would have assisted the trial court in determining their value as of the time of trial. Therefore, we remand this matter to the trial court to receive evidence from the parties regarding the value of the boat motor and top as of the time of trial. Assuming the boat motor and top are still in Mr. McLaughlin's possession, he shall allow Ms. McLaughlin access to value these items if requested.
*1114 Household Items
Finally, Ms. McLaughlin argues the trial court erred by failing to recognize and value certain "household items" as community assets. She also argues in her second assignment of error that the trial court erred by refusing to allow her to refresh her recollection with respect to the value of these assets. Alternatively, Ms. McLaughlin contends that she provided sufficient evidence to designate the following "household items" as community assets and to value them as indicated below:
1. Refrigerator $1,100.00 2. Stove/Oven $3,000.00 3. Hot Tub $6,000.00 4. Fence $6,600.00 5. Remaining Household $10,000.00 Items
Ms. McLaughlin testified she left the household items they purchased during the marriage in Mr. McLaughlin's home and did not take any of them with her when she left. She first testified that they purchased a refrigerator and a stove, but she could not recall the amount of the purchase price. Her counsel asked if it would help to look at her notes to her refresh her recollection. Opposing counsel objected on the basis that Ms. McLaughlin did not share this document as part of the discovery he requested prior to trial.[8] Her counsel argued the document Ms. McLaughlin wanted to use to refresh her recollection were handwritten notes made for counsel. He argued the notes were not discoverable and that he did not intend to introduce the notes as an exhibit. The trial court sustained the objection on the basis that the document was not turned over in discovery.
Despite the trial court's decision to sustain the objection, Ms. McLaughlin later testified she paid $1,100.00 for the refrigerator, $3,000.00 for the stove and oven, $6,000.00 for a hot tub installed at Mr. McLaughlin's separate home and $6,600.00 for a fence also installed on his property.[9] With respect to the "remaining household items," Ms. McLaughlin testified that during their marriage, they purchased a kitchen set, bedroom set and living room set. They also purchased three televisions, including a 60-inch television, and a DVD player. She also mentioned items they received as wedding presents, including a blender, mixer and pots and pans. She estimated that these "remaining household items" were worth $10,000.00.
*1115 First, we find that because Ms. McLaughlin eventually testified regarding the purchase price of the household items, her assignment of error regarding the trial court's alleged error in denying her the opportunity to refresh her recollection is moot. We also recognize that Mr. McLaughlin provided no evidence whatsoever to counter Ms. McLaughlin's testimony that the household items listed above were community property. Therefore, we find the trial court was manifestly erroneous by failing to recognize the household items noted above as community assets.
Again, neither party provided specific evidence at trial regarding the current value of each household item or any other detailed evidence which would have assisted the trial court in determining their value as of the time of trial. Therefore, we also remand this matter to the trial court to receive evidence from the parties regarding the value of the household items noted above as of the time of trial. If these items are still in Mr. McLaughlin's possession, he shall allow Ms. McLaughlin access to value these items if requested.
Reimbursement Claims
Finally, Ms. McLaughlin contends the trial court erred by failing to find she is entitled to a reimbursement for the $16,000.00 in community funds used to enhance Mr. McLaughlin's separate property by adding on a garage with a porch and outside kitchen to his separate home. She also contends that she should be reimbursed for $15,000.00 of her separate funds used as a down payment for his home.
La. C.C. art. 2366 provides, in pertinent part, that when community funds are used for the "improvement, or benefit of the separate property of a spouse, the other spouse is entitled to reimbursement for one-half of the amount or value that the community property had at the time it was used." This provision further states:
Buildings, other constructions permanently attached to the ground, and plantings made on the separate property of a spouse with community property belong to the owner of the ground. The other spouse is entitled to reimbursement for one-half of the amount or value that the community property had at the time it was used.
La. C.C. art. 2366.
The burden of proof is on the party claiming reimbursement. Vedros , 229 So.3d at 685 ; Charles v. Charles , 05-129 (La. App. 1 Cir. 2/10/06), 923 So.2d 786. A trial court's findings as to whether reimbursement claims have been sufficiently established are reviewable under the manifest error standard of review. Vedros , 229 So.3d at 681 ; Kline v. Kline , 98-1206 (La. App. 3 Cir. 2/10/99), 741 So.2d 670.
Ms. McLaughlin first testified that $16,000.00 in community funds were used to add a garage to Mr. McLaughlin's separate property. Mr. McLaughlin agreed they added the garage to his separate property during their marriage and did not contest the cost for the improvement provided by Ms. McLaughlin. Therefore, based on the uncontested testimony, we find the trial court erred in denying Ms. McLaughlin's reimbursement claim in the amount of $8,000.00 for the community funds used to improve Mr. McLaughlin's separate property by adding a garage.
With respect to the second reimbursement claim, Ms. McLaughlin testified that before they married, she provided $15,000.00 of her separate funds for the down payment on Mr. McLaughlin's separate home. Because the payment did not occur during the community property regime, we find the trial court did not err in denying this reimbursement claim. See *1116 Goines v. Goines , 09-994 (La. App. 5 Cir. 3/9/11), 62 So.3d 193, 207, writ denied , 11-721 (La. 5/20/11), 63 So.3d 984.
DECREE
Based on the foregoing, we affirm the trial court's judgment to the extent it excluded the boat trailer from community assets and denied Ms. McLaughlin's reimbursement claim for the $15,000.00 down payment. We otherwise reverse the trial court's judgment as set forth more fully in this opinion and remand the matter to the trial court to hold a hearing to accept additional evidence to determine the value of the boat motor and top, as well as the household items, as of the time of trial. Once the trial court determines the value of these assets as required by La. R.S. 9:2801(4)(a), the trial court shall complete the partition of the community assets addressed in this opinion in accordance with the applicable guidelines set forth in La. R.S. 9:2801(4).
AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS

La. R.S. 9:2801(A)(1)(a) provides that if "a party fails to file a sworn detailed descriptive list timely, the other party may file a rule to show cause why its sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities."

The trial court sustained objections to both of the exhibits Ms. McLaughlin sought to introduce into evidence on the grounds that they were not provided to the opposing party prior to trial. Ms. McLaughlin does not challenge the trial court's rulings on these exhibits on appeal.

On July 13, 2017, Ms. McLaughlin filed a motion and order for appeal, which the trial court signed on July 17, 2017. However, La. C.C.P. art. 2087(D) provides that an "order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions." In this instance, the trial court granted the motion for new trial and amended the judgment. Therefore, the July 17, 2017 order of appeal never became effective.

La. C.C. art. 2369.8 provides that "[i]f the spouses are unable to agree on the partition, either spouse may demand judicial partition which shall be conducted in accordance with R.S. 9:2801."

The Louisiana Supreme Court has recognized the use of NADA Guide valuations. See State Farm Mut. Auto Ins. Co. v. Berthelot , 98-1011 (La. 4/13/99), 732 So.2d 1230, 1235. Furthermore, courts have recognized that NADA values are admissible pursuant to the hearsay exception provided in La. C.E. art. 803(17) ("... Market quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations."). See Neloms v. Empire Fire & Marine Ins. , 37,786 (La. App. 2 Cir. 10/16/03), 859 So.2d 225, 232 ; State v. Batiste , 99-1481 (La. App. 1 Cir. 3/31/00), 764 So.2d 1038, 1040, writ denied , 00-1648 (La. 6/22/01), 794 So.2d 778.

The community property regime is terminated by a judgment of divorce. La. C.C. art. 2356. A judgment of divorce terminates the community property regime retroactively to the date of filing of the petition in the action in which the judgment of divorce is rendered. La. C.C. art. 159.

La. R.S. 9:2801(A)(4)(a) provides that the court shall value the community assets as of the time of the trial.

Mr. McLaughlin did not file a motion to compel Ms. McLaughlin to respond to his discovery requests.

The Court questions whether Ms. McLaughlin's claims regarding the fence and hot tub should be alternatively considered as reimbursement claims if these items are permanently attached to Mr. McLaughlin's separate property as provided for in La. C.C. art. 2366.