MAN CHING HO                                    NO. 19-CA-78

VERSUS                                          FIFTH CIRCUIT

JIMMY W. NEE                                    COURT OF APPEAL

                                                STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 509-555, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING


November 13, 2019


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Marc E. Johnson


**AFFIRMED**
    **JGG**
    **FHW**
    **MEJ**

COUNSEL FOR PLAINTIFF/APPELLEE,
MAN CHING HO

> Andrew T. Lilly
> Jeffrey W. Bennett
> Michelle M. Bennett

COUNSEL FOR DEFENDANT/APPELLANT,
JIMMY W. NEE

> Jimmy Nee

**GRAVOIS, J.**

In this community property partition proceeding between appellant, Jimmy Nee, and appellee, Man Ching Ho, his ex-wife, Mr. Nee appeals the trial court's December 21, 2018 judgment which, following a trial on October 16, 2018, granted Ms. Ho's exception of *res judicata* regarding the classification of two pieces of immovable property, granted and denied various reimbursement claims of the parties, and ordered that Mr. Nee make an equalizing payment of $42,565.26 to Ms. Ho. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

In this community property partition proceeding, prior rulings and judgments were appealed by Mr. Nee. In our first opinion, *Ho v. Nee*, 17-495 (La. App. 5 Cir. 5/30/18), 249 So.3d 1002 ("*Nee I*"), this Court set forth the lengthy factual and procedural history of the case. Briefly, the parties married in 1980 and had one daughter who was born in 1981. Ms. Ho filed for divorce against Mr. Nee in 1997, which was granted in 1999. Mr. Nee filed a petition to partition community property on March 23, 2012. Following lengthy proceedings to partition the community property, the trial court rendered several judgments that Mr. Nee appealed. In *Nee I*, this Court affirmed various aspects of the judgments, reversed in part, and remanded the matter for trial on the merits of various pending claims between the parties, decreeing the following:

> For the reasons stated above, we affirm in part the August 26, 2015 judgment signed February 24, 2016, regarding the trial court's denial of Mr. Nee's March 12, 2015 objection and judgment maintaining the domestic hearing officer's recommendations that the family home located at 2721 David Drive, the 1993 Ford van, and the 1996 Ford van were community property, and that Bonnie Nee's personal checking account was not a community asset. We reverse in part, and remand for a trial on the merits, the August 26, 2015 judgment signed February 24, 2016, maintaining the domestic hearing officer's March 12, 2015 recommendations concerning the following assets and claims that required a trial on the merits: 1) bank accounts, "if existing on May 27, 1997," specifically, First National Bank of Commerce account # 2022–66796, First National Bank of Commerce

account # 1104–61619, First National Bank account # 3009107774, and First National Bank of Commerce accounts # 6013–31087 and # 2022–66796; 2) the retail merchandise and jewelry stored at 3008 19th Street; 3) "all money that Man Ching Ho sent out of the United States in a 3 year period"; and 4) a determination as to whether the family business, MC Trading, or the miscellaneous household items were separate or community property, and their respective values, if any. We also vacate in part, the August 26, 2015 judgment signed February 24, 2016, partitioning the community property regime, determining Ms. Ho's reimbursement claim, and ordering Mr. Nee to pay an equalizing payment. We further vacate the August 26, 2015 judgment signed June 3, 2016. This matter is remanded for further proceedings consistent with this opinion.

Accordingly, the only matters before the trial court on remand were those four items specifically referenced in the above decree. The record reflects that the matters on remand were originally set for trial on the merits on September 4, 2018. An interpreter was present to assist Mr. Nee, whose first language is Mandarin.[1]

Prior to the September 4, 2018 hearing, Ms. Ho filed an exception of *res judicata*, arguing that the issues raised in Mr. Nee's "petition to revoke authentic act of intervenor(s)" regarding two pieces of immovable property he sought to have classified as community property and which he sought to include for decision in the proceedings on remand, should not be set for trial and were *res judicata* because a final judgment on those issues had been rendered by the hearing officer on September 19, 2014, Mr. Nee having not timely objected to the ruling, as noted in this Court's opinion in *Nee I*. Ms. Ho also filed a motion *in limine* seeking to exclude any documents that Mr. Nee might seek to introduce into evidence because of his "longstanding failure to identify in his discovery responses <u>even</u> <u>one</u> of the exhibits that he intends to use at trial." (Emphasis in original.)

At the trial on September 4, 2018, the trial judge determined that because Mr. Nee had only been served with Ms. Ho's exceptions and motion *in limine* in late August, he would continue the matter to October 16, 2018 in order for Mr. Nee to have an opportunity to review the new pleadings and prepare for the hearing.

---

[1] Mr. Nee's understanding of English is allegedly deficient.

The trial judge advised Mr. Nee that on October 16, 2018, they would be taking up "those matters that are contained in the opinion that the Fifth Circuit rendered," as well as Ms. Ho's exceptions of prescription and *res judicata*. The trial judge also advised Mr. Nee that if he intended to rely on any documents in his case, he must give copies of those documents to opposing counsel by October 5, 2018, or the documents would not be allowed into evidence. The interpreter stated that Mr. Nee understood.

At the hearing on October 16, 2018, where Mr. Nee again had the services of the same interpreter, Mr. Nee did not bring any documentary evidence to court, nor had he sent any evidence that he may have intended to use to opposing counsel prior to trial. The trial court granted Ms. Ho's exception of *res judicata* from the bench, finding that the classification of two houses as Ms. Ho's separate property had previously been adjudged and was not timely objected to or appealed, and was therefore final. Ms. Ho's exception of prescription was thus ruled moot. The trial court additionally heard testimony from both parties, considered evidence that was introduced, and took the matters under advisement, ultimately issuing a judgment and reasons for judgment on December 21, 2018.

On appeal, Mr. Nee argues the following assignments of error:

1. The trial court committed manifest error when the trial judge used his own particular false reasons and didn't apply real facts for the judgment;

2. The trial court committed manifest error when it dismissed Mr. Nee's petition to revoke authentic act of intervenor(s) and petition for injunction against alienation or encumbrance of community property, only considered Ms. Ho's one-sided argument, and refused Mr. Nee's real fact response;

3. The trial court committed manifest error when it concluded that Mr. Nee owes Ms. Ho $42,565.26, being all funds were community funds from the beginning;

4. The trial court committed manifest error when it ruled First National Bank of Commerce accounts #2022-66796, #1104-61619, #3009107774, #6013-31087, and #2022-66796, and all money Ms. Ho spent and sent out of United States in 3-year period, and that Mr. Nee failed to offer evidence at trial to support his argument; and

5. The trial court committed manifest error when it ruled that the retail merchandise and jewelry stored at 3008 19th Street, Metairie, Louisiana and miscellaneous household items including stove, dinette set, bedroom sets, computer, printer, piano, washer and dryer, sofa, living room sets, garden sets, and MC Trading was a community business with any value, and that Mr. Nee failed to present evidence.

## ANALYSIS

The trial court has broad discretion in adjudicating issues raised by partition of the community and is afforded great latitude in arriving at an equitable distribution of assets between spouses. *McLaughlin v. McLaughlin*, 17-645 (La. App. 5 Cir. 5/16/18), 247 So.3d 1105, 1111. The allocation or assignment of assets and liabilities in the partition of community property is reviewed under the abuse of discretion standard. Factual findings and credibility determinations made in the course of valuing and allocating assets and liabilities in the partition of community property may not be set aside absent manifest error. It is incumbent upon the parties to present evidence at the partition trial regarding the value of the assets. The purpose of a partition under La. R.S. 9:2801 is for the trial court to make an immediate and final apportionment of the assets and liabilities. *Id.*

## SCOPE OF THE APPEAL

In brief, Ms. Ho argues that the only issue properly on appeal is the grant of her exception of *res judicata*, which is the only judgment referenced in Mr. Nee's motion for appeal filed on November 8, 2018, because the final partition judgment was not rendered until December 21, 2018. She argues that this Court should not review Mr. Nee's assignments of error that do not pertain to the ruling on her exception of *res judicata*.

We disagree. While Mr. Nee's petition for appeal was premature, it being mailed on September 3, 2018 prior to the rendition of the written judgment, it is clear that Mr. Nee intended to appeal any final judgment rendered following the October 16, 2018 trial. The only matter ruled on from the bench was Ms. Ho's

exception of *res judicata*; the remanded matters were taken under advisement, including the ultimate issue of this suit, which was the final partition of the community and the amount of an equalizing payment and to which party it was due. Mr. Nee's petition for appeal specifically noted that the judgment had not yet been signed, and asked that his petition for appeal be "held in abeyance" and granted as soon as a judgment was signed. The trial court issued a written judgment on December 21, 2018 and signed Mr. Nee's petition for appeal on January 11, 2019. This Court also notes that Mr. Nee's petition for appeal of *Nee I* was similarly premature, but was cured by the signing of the appeal petition after a final judgment was entered.[2] Accordingly, we will review all assignments of error made by Mr. Nee in brief, including those pertaining to the matters taken under advisement at the October 16, 2018 hearing and included in the December 21, 2018 judgment.

## FIRST ASSIGNMENT OF ERROR

### *Trial court's use of false reasons for ruling*

In this assignment of error, Mr. Nee does not assign error to a particular ruling, but rather takes issue with certain statements that the trial court made in its reasons for judgment issued on December 21, 2018.[3] Mr. Nee acknowledges that he has no case law supporting his argument, but nonetheless argues that the trial court "used false reasons" and therefore Mr. Nee was "denied the due process of a fair trial and the due process of the equal protection, violation of Louisiana State

---

[2] We note that Ms. Ho's counsel's took the opposite position in brief in the first appeal, to-wit: "Any prematurity in [Mr.] Nee's moving for appeal before a written judgment issued was cured when the District Court signed the judgment at issue on February 24, 2016."

[3] The statements Mr. Nee objects to are: 1) the judge's recognition that Mr. Nee is a convicted felon having been convicted for raping his daughter; and 2) the judge's citing of a letter written by Mr. Nee to Ms. Ho that the judge claimed was evidence of Mr. Nee's attempt to use the judicial process to be vindictive. First, Mr. Nee was convicted of oral sexual battery and aggravated incest, with the victim being his minor daughter. *See State v. Nee*, 99-1160 (La. App. 5 Cir. 3/22/00), 761 So.2d 833 (nonpublished opinion), *writ denied*, 00-1379 (La. 5/4/01), 791 So.2d 648. Therefore, the trial judge was technically incorrect when he stated that Mr. Nee was convicted for raping his daughter. Second, the letter, which is an exhibit in the record, speaks for itself, and appears to threaten Ms. Ho with adverse consequences for her opposition to Mr. Nee.

Constitution and the Due Process Clause of the 14th Amendment of the United States Constitution" and that the judgment on appeal was obtained by perjury.

Appeals are taken from judgments, not reasons for judgment. *Villarrubia v. Villarrubia*, 18-430 (La. App. 5 Cir. 12/27/18), 263 So.3d 949, 954, citing *Wooley v. Lucksinger*, 09-0571 (La. 4/1/11), 61 So.3d 507, 572. A trial court's reasons for judgment, while elucidating the trial court's thought process, are not legally binding on higher courts, who may affirm a judgment for different reasons. Further, Mr. Nee provides no support for his contention that he was denied due process or equal protection, or that the judgment was based upon perjury. Thus, this assignment of error is without merit.

## SECOND ASSIGNMENT OF ERROR

### *Dismissal of petition to revoke authentic act of intervenor*

In this assignment of error, Mr. Nee contends that "the Trial Court committed manifest error when it dismissed Mr. Nee's petition to revoke authentic act of intervenor(s) and petition for injunction against alienation of encumbrance of community property, only considered Ms. Ho's one-sided argument, and refused to consider Mr. Nee's real fact response." Herein, Mr. Nee argues that the hearing officer erred, both on September 19, 2014 and on March 12, 2015, in failing to invalidate two authentic acts wherein Mr. Nee declared that two pieces of immovable property were Ms. Ho's separate property, recommending that the property was Ms. Ho's separate property.[4]

As noted above, Ms. Ho filed an exception of *res judicata* to this claim, which was granted from the bench at the trial on the merits on October 16, 2018. The exception and the ruling are based upon this Court's recognition, in *Nee I*, that the ruling in question occurred on September 19, 2014, when the hearing officer

---

[4] *Nee I,* 17-495 (La. App. 5 Cir. 5/30/18), 249 So.3d 1002, 1006.

determined that the two pieces of immovable property were Ms. Ho's separate property.[5]  As this Court noted in the previous appeal, Mr. Nee did not timely object to that determination, and thus it became a final judgment.  Based upon the entire appellate record in this proceeding, we find no error in the trial court's ruling granting Ms. Ho's exception of *res judicata* as to this claim, and thus find no merit to this assignment of error.

## THIRD ASSIGNMENT OF ERROR

### *Award of an equalizing payment to Ms. Ho*

In this assignment of error, Mr. Nee complains that the equalizing payment ordered to Ms. Ho is incorrect because Mr. Nee objects to the inclusion, as community obligations for which is he liable, of various items pertaining to property maintenance of the community home on David Drive.  He argues that he should not be required to pay for those expenses, as he has not lived at the home since 1997, and further that Ms. Ho failed to present evidence to support these claims.

Upon review, we find that these maintenance reimbursement claims were not before the trial court upon remand.  While this Court did, in *Nee I*, vacate the amount due to Ms. Ho on the reimbursement claim, this action was based upon the need for the particular claims noted in our previous opinion (and listed above) to be determined in a trial on the merits, which occurred on October 16, 2018.  While a complete resolution of the community property partition required those particular remanded claims to be decided in a trial on the merits, none of those claims concerned expenses for the maintenance of the community home.  In any event, we

---

[5] As this Court's opinion in *Nee I* notes, on February 3, 2015, Mr. Nee filed a petition to revoke authentic act and a pleading entitled "Clauses for Inclusion in Petition for Injunction against Alienation or Encumbrance of Community Property."  In the petition to revoke, Mr. Nee contended that the acts he executed on April 24, 1989 and January 31, 1991 were invalid because he did not have an interpreter present, and the alleged witnesses and notary were not present when he signed the document.  The March 12, 2015 hearing officer recommendation states only that the parties stipulated that the property on David Drive was community property.  Mr. Nee filed an objection on March 19, 2015, which was untimely as to both hearing officer's recommendations.

note that Ms. Ho did present testimony and evidence of these expenses at the hearing on August 26, 2015, which the trial court clearly credited and which were unrefuted by Mr. Nee, thus satisfying her evidentiary burden. Accordingly, we find no merit to this assignment of error.

## FOURTH ASSIGNMENT OF ERROR

### *Bank account and monetary claims*

Next, Mr. Nee contends that the trial court committed manifest error when, at the October 16, 2018 trial of the matter, it considered claims involving First National Bank of Commerce accounts #2022-66796, #1104-61619, #3009107774, #6013-31087, and #2022-66796, and all money Ms. Ho spent and sent out of United States in 3-year period, and by ruling that Mr. Nee failed to offer evidence at trial to support his arguments concerning said claims. Specifically, Mr. Nee objects to the trial court's finding that he failed to bear his burden of proof regarding this claim, and argues that he was not informed that these claims were on trial on October 16, 2018, and thus he did not bring his evidence with him. He further argues that the trial court erred in not accepting the copies of various bank records that he did bring to trial.

Mr. Nee argues that the Order For Writ of Habeas Corpus Ad Testificandum, signed by the trial court on September 24, 2018, failed to advise him that the bank accounts were to be the subject of the trial on October 16, 2018. However, the record shows that on September 4, 2018, the original setting of the matter, the trial judge clearly and unequivocally informed Mr. Nee about the matters that would be heard on October 16, 2018, including these. The interpreter stated that Mr. Nee understood.

At the trial on October 16, 2018, Mr. Nee stated through the interpreter that he had mailed all of the account records to the trial court over ten years before. He then claimed that he thought "only limited cases" were to be heard, not all of the

cases. He also claimed that the interpreter did not tell him, at the September 4 hearing, that these claims would be heard at the October setting.[6] He further claimed that other documentary evidence was in possession of Ms. Ho, or that he had left it at the correctional center where he was housed. Mr. Nee then did produce a document, dated March 31, 1998, ostensibly from the First Bank of Commerce in New Orleans, which he claimed pertained to the disputed bank accounts. At this point, counsel for Ms. Ho reurged his motion *in limine* to exclude documents that he had not previously been provided. He also refuted Mr. Nee's assertion that he had previously provided these documents to opposing counsel years earlier in discovery. The trial court sustained opposing counsel's objection to the introduction of the documents, stating:

> The Court is going to for identification purposes since they are all stapled together as an in globo Exhibit D. The Court has perused it. And it has been offered into evidence by Mr. Nee. The Court would sustain the objection at this time to it's [sic] admissibility in light of the fact it is a conglomeration of really different documents. It appears to be definitely not all bank documents. Some appear as though they may be some bank documents. They have First Bank of Commerce listed at the top. However, there are redactions throughout all of them such that they are in large part illegible, mixed in are typed up documents that appear to have been created by someone. The Court has no idea whom, nor can I really gleam from the documents, what they report to show. So again, the Court is going to deny the admission of evidence as Exhibit D in globo. I will allow it to be proffered if Mr. Nee cares to proffer as evidence. But the Court will not consider it as evidence in this matter.

Upon review, we find that Mr. Nee was clearly informed that the issue of the bank accounts was set for trial on October 16, 2018, and he failed to bring or introduce competent evidence to support his claims. As counsel for Ms. Ho noted in his case, the trial on October 16, 2018 was the fortieth court appearance in the partition suit, which had spanned many years during which Mr. Nee had

---

[6] At this point in the trial, the judge noted that Mr. Nee understood English because "you are starting to answer long before the interpreter ever interprets."

opportunity to present the trial court with the evidence he now claimed he had left at the jail. Accordingly, this assignment of error is without merit.

## FIFTH ASSIGNMENT OF ERROR

### *Value of MC Trading and household items*

In his final assignment of error, Mr. Nee argues that the trial court erred in finding that the alleged community owned business, MC Trading, as well as various household furnishing items he claimed on his descriptive list, were without any monetary value. Again, as in the previous assignment of error, Mr. Nee now claims on appeal that he was unaware that the issue of the value of MC Trading was to be tried on October 16, 2018, because the Order For Writ of Habeas Corpus Ad Testificandum did not so advise him. However, as before, Mr. Nee was unequivocally advised at the September 4, 2018 that this issue would be tried on October 16, 2018 as per this Court's instructions to the trial court in *Nee I*.

Mr. Nee failed to introduce any evidence at the trial supporting his claims regarding the value of MC Trading or the household items listed on his descriptive list. He explained that all of the documents were "at home" or in possession of Ms. Ho. He stated, through the interpreter, that he calculated the value of the company "in his head" in 2012 while in jail without reference to any records. He argued that the same exhibits that the trial court had previously disallowed into evidence supported his claim. He also claimed, without evidentiary support, that Ms. Ho had, over the years, sent outside the country large sums of community funds (approximately $550,000) that were profits from MC Trading. He claimed that the company was a community business and that he was entitled to half of the profits that she sent out of the country.

Ms. Ho testified at the trial that Mr. Nee's claims were false. She testified that MC Trading was a small sole proprietorship she used to import souvenir items from China or Hong Kong (through her relatives living there) and sell them at the

flea market. She said that MC Trading never had more inventory on hand than $2,000–$3,000. She said that she had received much financial help from her uncle in Hong Kong, because Mr. Nee had not been around most of the time. Due to his absence and gambling habits, she said the family was on Medicaid and food stamps. She testified that on the date she filed for divorce in 1997, she had several bank accounts at First NBC, but that there was never very much money in them, because as soon as money came in from the sale of merchandise, she had to pay it back to her uncle and other relatives overseas. She testified that she always owed her uncle money at any given time because he loaned her money on many occasions.[7] Ms. Ho introduced into evidence her income tax return from the 1997 tax year, which showed income in the amount of $17,447.00.[8] She testified that she earned only 11 percent gross profit margin, and had discontinued the business recently in the face of the newly instituted tariffs on Chinese goods, tariffs which would exceed her gross profits.

Ms. Ho further testified that their community household never had $20,000 in furnishings as Mr. Nee claimed in his descriptive list filed in 2013. She said they only ever had basic furniture, and that while she still had the sofa, she no longer had other items such as a computer printer that was "too old."

As previously indicated, factual findings and credibility determinations made in the course of valuing and allocating assets and liabilities in the partition of community property may not be set aside absent manifest error. *McLaughlin v. McLaughlin*, *supra*. In the present case, upon review, we find no manifest error in the trial court's conclusion that neither MC Trading nor the alleged household furnishings listed in Mr. Nee's descriptive list had any value at the time of the trial.

---

[7] Ms. Ho testified that her family never required her to sign promissory notes for the loans.

[8] Mr. Nee objected to the introduction of Ms. Ho's tax return, claiming that the tax return was fake, and that the business regularly sold over $20,000 per month. The tax return was admitted over Mr. Nee's objection.

Mr. Nee failed to present any credible testimony or evidence regarding his claims. The trial court heard the testimony of both parties and clearly believed Ms. Ho. This assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment of December 21, 2018 partitioning the former community and awarding Ms. Ho an equalizing payment of $42,565.26.

## AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 13, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-78

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
ANDREW T. LILLY (APPELLEE)

### MAILED
MICHELLE M. BENNETT (APPELLEE)
ATTORNEY AT LAW
2901 NORTH CAUSEWAY BOULEVARD
SUITE 208
METAIRIE, LA 70002

JEFFREY W. BENNETT (APPELLEE)
ATTORNEY AT LAW
9515 JEFFERSON HIGHWAY
RIVER RIDGE, LA 70123

JIMMY NEE #300660 (APPELLANT)
IN PROPER PERSON
RAYBURN CORRECTIONAL CENTER
27268 HIGHWAY 21 NORTH
ANGIE, LA 70426